ANNA ARNOLD, an Infant, by STEPHEN E. GIERSCH, Her Guardian ad Litem, Appellant, *v.* NATIONAL STARCH COMPANY, Respondent.

Fire escapes in factories — Labor Law — assumption of risk — proximate cause of injury.

The provisions of section 82 of the Labor Law (L. 1897, ch. 415), relative to fire escapes in factories, are mandatory and impose a duty upon the owner. He may not delay action until directed to do so by a factory inspector.

That a girl less than fifteen years of age, employed in a factory, knew of the absence of fire escapes is not, as matter of law, an assumption of the risk.

A girl under fifteen years of age was at work with others upon the top floor of a factory. An explosion occurred and fire originated from some unexplained cause on the story below and spread to the floor where she was at work. The only means provided for escape was a stairway and scuttle leading to the roof, and a series of inside inclosed wooden stairways leading from floor to floor to the ground, there being no outside fire escapes; she was severely burned. *Held,* it was for the jury to say whether there was a safe or sufficient means of escape from the fire, and whether the failure to comply with the statute and the detention resulting therefrom caused or contributed to her injuries.

*Arnold* v. *Nat. Starch Co.,* 125 App. Div. 905, reversed.

(Argued December 10, 1908; decided January 5, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 30, 1908, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The action was brought to recover damages caused by burns received by appellant while she was at work in respondent's factory and which injuries it is claimed resulted from the latter's failure to remove starch dust and other inflammable waste from the room wherein she was working, and to place outside fire escapes upon its building.

On the evidence presented the jury would have been entitled to find, amongst other facts, the following ones:

Respondent's factory consisted of three stories and a basement. Appellant was at work with fifteen or twenty other girls upon the top floor. An explosion occurred and a fire originated from some unexplained cause on the story below and rapidly spread to the floor where she was at work. It first appeared near where she was sitting and very rapidly spread over the whole or a large part of said floor. The appellant immediately sought to escape. The only means provided for such escape were a stairway and scuttle leading to the roof and a series of inside inclosed wooden stairways leading from floor to floor to the ground. There were no outside fire escapes. Appellant, who at that time was fourteen years and six months old, attempted to escape by the stairway leading downward, but the door leading to it was surrounded by other girls and she was unable to open it. She then went to various windows but there was no way to escape through them except by jumping a long distance to the ground and she finally returned to the stairway and after a while the door being opened she with the other girls escaped. Some considerable time elapsed before such escape.

While the appellant was at one of the windows seeking escape, as she says, "The fire was right next to me; all around me; all the while there were big clouds of fire that came around up in there." After she returned from the windows to the stairway she was told that she was on fire and the fire was put out and this was the first time that she knew she had been burned. Her injuries were quite severe.

There was a large accumulation of starch and starch dust in the room where appellant was, the same not having been

cleaned up for some considerable time and this was very inflammable.

*Udelle Bartlett* for appellant.    Defendant's violation of the statute in failing to provide fire escapes on the outside of the factory, as required by the Labor Law, is evidence of negligence and gives a cause of action to one injured thereby, and whether plaintiff was so injured was a question for the jury. (L. 1897, ch. 415, § 82; *Marino* v. *Lehmaier*, 173 N. Y. 530; *Pelin* v. *N. Y. C. & H. R. R. R. Co.*, 102 App. Div. 71; 188 N. Y. 565; *Stewart* v. *Ferguson*, 164 N. Y. 553; *McRickard* v. *Flint*, 114 N. Y. 222; *Pauley* v. *S. G. & L. Co.*, 131 N. Y. 90; *Freeman* v. *G. F. P. M. Co.*, 61 Hun, 125; *Graham* v. *M. Ry. Co.*, 149 N. Y. 336; *Willy* v. *Mulledy*, 78 N. Y. 310; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154; *Lee* v. *S. S. M. Co.*, 115 App. Div. 589; *Koch* v. *Fox*, 71 App. Div. 294.)    There was no assumption of risk.    (*Dowd* v. *N. Y., O. & W. Ry. Co.*, 170 N. Y. 459; *Gorman* v. *McArdle*, 67 Hun, 484; *Willy* v. *Mulledy*, 78 N. Y. 314; *Huda* v. *A. G. Co.*, 154 N. Y. 482; *Jenks* v. *Thompson*, 179 N. Y. 26; *Erwin* v. *N. S. Co.*, 11 N. Y. Wkly. Dig. 347; *Cahill* v. *Hilton*, 106 N. Y. 512; *Crown* v. *Orr*, 140 N. Y. 450; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154; *Wiedman* v. *Everard*, 56 App. Div. 361.).

*Elisha B. Powell* for respondent.    The plaintiff knew all about this factory and its equipment, conditions and methods of operation, so assumed the risks of the work.    (*Crown* v. *Orr*, 140 N. Y. 450; *Hickey* v. *Taaffe*, 105 N. Y. 37; *Buckley* v. *G. P. & R. M. Co.*, 113 N. Y. 543; *McCue* v. *U. S. M. Co.*, 142 N. Y. 112; *Stevens* v. *Gair*, 109 App. Div. 621; *Knisley* v. *Pratt*, 148 N. Y. 372.)    There is no causal connection shown by the evidence between what the plaintiff claims was negligence (lack of fire escapes, inclosed stairways, obstructed passages and dust in the rooms) and the injury which she sustained.    (*Ryder* v. *S. R. T. Co.*, 171 N. Y. 139; *Beetz* v. *City of Brooklyn*, 10 App. Div. 384.)    As the

absence of fire escapes on the outside of this building in no way caused or contributed to the injuries sustained by the plaintiff this cannot be construed as negligence on the part of the defendant. (*Pauley* v. *S. G. & L. Co.*, 131 N. Y. 90 · *Gorman* v. *McArdle*, 67 Hun, 484.)

Hiscock, J.   The important question in this case relates to the obligation of the respondent to place outside fire escapes upon its factory and to its liability for appellant's injuries as a result of its failure to place such fire escapes.

It is urged in behalf of respondent, as I understand it, that section 82, chapter 415 of the Laws of 1897 (Labor Law), with reference to fire escapes, was not mandatory but only required a factory owner to build them after directed so to do by a factory inspector.   I am unable to agree with this contention.

Said statute provides: " Such fire escapes as may be deemed necessary by the factory inspector shall be provided on the outside of every factory in this state consisting of three or more stories in height."   Said section then describes with much particularity the form, location and method of construction of the fire escapes so to be provided.

Considering the object of this statute, the great saving of life oftentimes resulting from its observance, and on the other hand the terrible catastrophes frequently resulting from the absence of suitable fire escapes, and also considering the details with which it describes a proper construction, I should not be inclined even in the absence of authority to adopt respondent's view that the salutary precautions provided by the statute may be neglected until some factory inspector has made an order in addition to the statute.   If passing on the question as a new one I should deem it our duty to construe the enactment as requiring a factory owner to construct fire escapes and as imposing upon him the duty to seek from the factory inspector such directions in addition to those prescribed by the statute as might be necessary, rather than that he should be allowed to delay all action until a factory

inspector had sought him out and made an order in the premises.

But I do not regard that question as fairly open. The principles here involved have been covered by other decisions and conclusions reached thereon adverse to the respondent's contention.

In *McLaughlin* v. *Armfield* (58 Hun, 376) the court had before it for construction section 16, title 14, chapter 583 of the Laws of 1888, which directed that certain buildings " shall be provided with such fire escapes and doors as shall be directed and approved by the commissioner." It was held that the statute imposed upon the owner the mandatory duty of bringing the subject before the commissioner and of obtaining his direction in the premises, and where an accident occurred because of the absence of such fire escapes from a building, the owner could not avoid responsibility by alleging that the statute did not declare absolutely that fire escapes should be erected by him.

In *Willy* v. *Mulledy* (78 N. Y. 310, 314) there was involved the interpretation of section 36, chapter 863 of the Laws of 1873, which, in addition to other things, enacted that certain houses " should be provided with such fire escapes and doors as shall be directed and approved by the commissioners " (of the department of fires and buildings). It was held that this requirement was mandatory and that the owner must provide the fire escapes, seeking out the commissioners for instructions rather than awaiting the preliminary action of such commissioners. The court said: " Under this statute the defendant was bound to provide this house with a fire escape. He was not permitted to wait until he should be directed to provide one by the commissioners. He was bound to do it in such way as they should direct and approve, and it was for him to procure their direction and approval." (See, also, *McRickard* v. *Flint*, 114 N. Y. 222.)

In my judgment the statute placed before us for interpretation is much stronger in favor of the appellant's contention than were the statutes involved in the cases cited, for here

the statute itself describes, with much particularity, the substantial features of the escapes which the respondent was required to construct, leaving it to procure from the proper official preliminary directions only in respect to what at most could be minor details.

But passing this point, it is further urged in behalf of respondent that its failure to comply with the statute, even if mandatory, may not be made the basis of a recovery for any damages sustained by appellant on the occasion in question, because it was not established that the injuries resulted from such failure. This argument rests on two propositions, the first one being that other sufficient means of escape were provided, and the second one that appellant's clothes and hair took fire immediately when the conflagration reached the room where she was, and that, therefore, her damages accrued before she could possibly have reached the fire escape if provided.

The evidence in my judgment permitted the jury to find against this argument and both of the propositions involved in it. It clearly permitted the jury to say that the system of stairways leading to the ground became blocked and useless for a considerable time and certainly it cannot be said as a matter of law that the stairway leading to the roof, even if appellant knew of it, was a safe or efficient means of escape from a fire which was rapidly burning and spreading on the floor below. And on the other proposition, while the evidence may not establish with mathematical accuracy just when the fire reached appellant's clothes and person with reference to its first appearance on the floor, or with reference to her final escape therefrom many minutes afterwards, still, as I read it, it permitted the jury to find that as the result of an accumulation of inflammable dust and material the fire spread very rapidly throughout the floor, that appellant came in contact with it and was set on fire some time after it first appeared, and that if there had been statutory and convenient fire escapes from the windows she might have escaped thereby before becoming on fire, and, con-

versely, that the failure to comply with the statute resulted in her detention in the burning room for many unnecessary minutes and that such detention and inability to escape caused and contributed to her injuries. Even if it should be found that the fire reached appellant when it first appeared on the floor, but that by reason of respondent's default she was confined in the room for an unnecessary period, and that by reason of such unnecessary detention under the circumstances she was prevented from extinguishing or procuring to be extinguished the flames on her person and her injuries thereby increased, I think that the appellant would be liable for such additional injuries if ascertainable.

The connection between respondent's legal default and appellant's injuries is better and more clearly established than it was in the *Willy* case, above cited, and wherein it was held that the plaintiff had established a sufficient connection between the two.

Lastly, it is urged that the appellant knew of the absence of fire escapes and, therefore, as a matter of law assumed whatever risk resulted therefrom. It is a sufficient answer to this contention to say that she absolutely denies knowledge of the absence of such safeguards. Moreover, it should not be decided as a matter of law that the appellant in view of her age appreciated and assumed all the risks and dangers resulting from the failure to place fire escapes, even if it should be found that she knew of their absence. (*Schwandner* v. *Birge*, 33 Hun, 186 ; *Gorman* v. *McArdle*, 67 Hun, 484.)

These views lead to the conclusion that the appellant furnished evidence upon which she was entitled to go to the jury and that it was error to dismiss her complaint.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Judgment reversed, etc.