## MAIORCA v. MYERS.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

1. HEALTH (§ 32*)—FIRE ESCAPES—DUTY TO PROVIDE.

    At common law the owner of a building need not provide fire escapes.

    [Ed. Note.—For other cases, see Health, Dec. Dig. § 32.*]

2. MASTER AND SERVANT (§ 107*)—FACTORIES—FIRE ESCAPES.

    Labor Law (Laws 1897, p. 481, c. 415) § 82, requires such fire escapes as may. be deemed necessary by the factory inspector to be provided on factories three or more stories high. Revised New York City Charter 1901 (Laws 1901, p. 179, c. 466) § 407, makes all existing laws relating to the construction, etc., of buildings effective in the city, with power to the aldermen to amend, etc. *Held*, that section 82 is mandatory, and applicable to New York City, though there its enforcement is intrusted to the department of buildings, instead of the factory inspector, and that the aldermen cannot dispense with the requirement for fire escapes and the owner of a factory building is liable for injury to an employé who was compelled to jump from, the third story to avoid burning, where no fire escapes or other means of escape were provided.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 206; Dec. Dig. § 107.*]

Appeal from Special Term, Westchester County.

Action by Giovanni Maiorca, by Rosalia Maiorca, guardian ad litem, against Frederick S. Myers. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Hamilton R. Squier, for appellant.
Joseph Pascocello, for respondent.

MILLER, J. This is a suit for injuries sustained by the plaintiff in jumping from a third-story window of a factory building which was on fire. The defendant was the owner of the building. The plaintiff avers that, to escape the fire, she was compelled to jump from said window by reason of the negligence and carelessness of the defendant "in not providing fire escapes or other means of escape."

Section 82 of the labor law (Laws 1897, p. 481, c. 415), in force at the time of the accident, provided:

"Such fire escapes as may be deemed necessary by the factory inspector shall be provided on the outside of every factory in this state consisting of three or more stories in height."

Section 407 of the Revised Charter of 1901 (Laws 1901, p. 179, c. 466) provided:

"The building code which shall be in force in the city of New York on the first day of January, 1902, and all then existing provisions of law fixing the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

penalties for violation of said code, and all then existing laws affecting or relating to the construction, alteration or removal of buildings or other structures within the city of New York are hereby declared to be binding and in force in the city of New York. * * * The board of aldermen shall have power from time to time to amend said building code and said laws and to provide therein for all matters concerning, affecting or relating to the construction, alteration or removal of buildings or structures erected or to be erected in the city of New York."

The appellant argues upon the authority of City of New York v. Trustees, 85 App. Div. 355, 83 N. Y. Supp. 442, affirmed on the opinion below 180 N. Y. 527, 72 N. E. 1140, that the general statute does not apply to the city of New York; that, as no ordinance requiring fire escapes to be placed on factory buildings of three or more stories in height is pleaded, the complaint does not state a cause of action; and that the general act requires only that fire escapes be provided in the discretion of the factory inspector. It is not disputed that, at common law, there was no duty resting upon owners as such to provide fire escapes. Pauley v. S. G. & L. Co., 131 N. Y. 90, 29 N. E. 999, 15 L. R. A. 194; Huda v. Am. Glucose Co., 154 N. Y. 474, 48 N. E. 897, 40 L. R. A. 411.

The provision of the factory law, quoted supra, is mandatory (Arnold v. Nat. Starch Co. [N. Y.] 86 N. E. 815), and in express terms applies to "every factory in this state consisting of three or more stories in height." The case of City v. Trustees, supra, decided that the superintendent of buildings in the city of New York, not the state factory inspector, had jurisdiction over the subject of fire escapes in said city; and this, for the plain reason that section 647 of the charter (Laws 1897, p. 224, c. 378) and the special local laws continued in force by it were not repealed by the general law. The city had its own scheme of supervising the construction, alteration, etc., of buildings. Its department of public buildings had jurisdiction over the subject, and it was not intended by the general law to interfere with that jurisdiction, or to vest it in a state officer; but that is far from saying that the general law did not in any respect apply to the city of New York. Said section 647 of the charter of 1897 provided:

"The provisions of such building code shall be in conformity with and be subject to all general laws of the estate (sic) concerning, affecting, or relating to buildings, or classes of buildings, or other structures."

In that case Mr. Justice O'Brien, writing for the court, said:

"If the municipal assembly had seen fit to provide in the code that no factories in New York City should be provided with fire escapes, perhaps this provision would be void as inconsistent with the labor law."

It seems to me that the Legislature has provided by general law that fire escapes shall be provided on all factory buildings in the state three or more stories in height. It intrusted the enforcement of that law to a state officer, except in the city of New York, wherein by its charter jurisdiction over that subject was vested in its department of buildings; but the board of aldermen can no more dispense with the requirement that some kind of a fire escape shall be provided on such buildings in the city of New York than the factory inspector can do it in the rest of the state.

The said charter provision, vesting the jurisdiction over the subject in the department of buildings, is not necessarily exclusive. While it was not repealed by the general law, both it and the general law should be construed together. The general law in terms applies to every building of the kind in the state, and I can perceive no reason why it does not apply to the city of New York, except in so far as a different administrative scheme is provided by special act. It certainly can hardly be supposed that the Legislature intended to require fire escapes on all factory buildings three or more stories in height outside of the city of New York, and to allow a local legislative body in said city, where the danger is the greatest, to dispense with that requirement.

It may be said, in passing, that the question is not one of practical importance, because the building code of the city of New York does contain a provision similar to said provision of the general law. Had the complaint in this case been prepared with proper care, the said provision of the building code would have been pleaded, and the questions raised by this demurrer would have been avoided. However, if I am right in what I have said, it follows that, irrespective of the building code of the city of New York, the duty rested upon the defendant to provide some kind of fire escape for his building. The complaint avers that he wholly omitted to discharge that duty, with the consequent injury to the plaintiff. I think a cause of action was stated.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.