The said charter provision, vesting the jurisdiction over the subject in the department of buildings, is not necessarily exclusive. While it was not repealed by the general law, both it and the general law should be construed together. The general law in terms applies to every building of the kind in the state, and I can perceive no reason why it does not apply to the city of New York, except in so far as a different administrative scheme is provided by special act. It certainly can hardly be supposed that the Legislature intended to require fire escapes on all factory buildings three or more stories in height outside of the city of New York, and to allow a local legislative body in said city, where the danger is the greatest, to dispense with that requirement.

It may be said, in passing, that the question is not one of practical importance, because the building code of the city of New York does contain a provision similar to said provision of the general law. Had the complaint in this case been prepared with proper care, the said provision of the building code would have been pleaded, and the questions raised by this demurrer would have been avoided. However, if I am right in what I have said, it follows that, irrespective of the building code of the city of New York, the duty rested upon the defendant to provide some kind of fire escape for his building. The complaint avers that he wholly omitted to discharge that duty, with the consequent injury to the plaintiff. I think a cause of action was stated.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.

---

### GASPERO v. MYERS.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

Appeal from Special Term, Westchester County.

Action by Connello Gaspero against Frederick S. Myers. From an interlocutory judgment, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Hamilton R. Squier, for appellant.

Joseph Pascocello, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on the authority of Maiorca v. Myers (decided herewith) 115 N. Y. Supp. 923.