THEODORE A. ALEXANDER, Appellant, *v.* THE CITY OF NEW YORK and THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Respondents.

Second Department, December 17, 1920.

**Municipal corporations — action by employee of concern selling coal to recover for injuries received by falling into unguarded cog wheels while manipulating coal chute in defendants' hospital — doctrine of respondeat superior not applicable — question for jury whether reasonably safe place provided — plaintiff's position similar to that of employee of defendants — right to sue department of health of Greater New York.**

In an action to recover for personal injuries it appeared that the plaintiff and another, who were in the employ of a company delivering coal to one of defendants' hospitals, were trimming the coal in the bin by means of a movable chute; that the plaintiff stood with one foot on a plank of a rude platform and the other on a cross beam in which a depression had been worn; that while changing the direction of the chute the plank slipped and the plaintiff's foot slipped into the depression in the cross beam and in an effort to save himself from falling he threw out his hand, which was caught in the unguarded cog wheels of the coal conveyor.

*Held,* that the doctrine of *respondeat superior* had no application to the case, since this was not the failure of a servant to perform a duty properly chargeable upon him, but was a general condition chargeable upon the defendants alone, and the fact that some servant of the municipality caused the defect or left it unguarded was no defense.

It was a question for the jury to say whether the defendants had given the plaintiff a reasonably safe place in which to work.

The plaintiff came upon the premises to perform work which he was obliged to perform by use of the means provided for him and his position was the same as though he were an employee of the defendants.

It is expressly provided by sections 1192 and 1196 of the Greater New York charter that the department of health may be sued.

APPEAL by the plaintiff, Theodore A. Alexander, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 2d day of March, 1918, upon the dismissal of the complaint upon the merits by direction of the court at the close of the case.

*Alfred Ekelman* [*Walter P. Vining* with him on the brief], for the appellant.

*William B. Carswell* [*John P. O'Brien, Corporation Counsel,* with him on the brief], for the respondents.

JAYCOX, J.:

The plaintiff and another man were engaged in trimming coal in a bin in the Kingston Avenue Hospital in the city of New York. The coal was being delivered by S. Tuttle Son & Co., and the plaintiff and the man working with him were in its employ. The hospital building was fitted with a conveyor by which the coal was conveyed to a platform about twenty or twenty-five feet above the floor of the engine room in the center of the building and from there distributed by means of a movable chute. It was necessary occasionally to change this chute and for this purpose the trimmers went upon a rude platform where the conveyor delivered the coal into the chute. One man held one end of the chute and moved it in the direction towards which they desired to project the coal. The other man (the plaintiff) took care of the other end of the chute, disengaged it from the loop of rope in which it was suspended and replaced it in this loop from the other side when the chute had been swung around so as to point in the opposite direction. At the time of the happening of the accident the plaintiff was standing with one foot on one of the planks in the platform, and the other on a cross beam into which a depression three inches in depth was worn. Plaintiff held the chute with his left hand and was endeavoring to manipulate the rope loop when the plank, upon which his foot rested, slipped, plaintiff's other foot slipped into the depression in the beam and the plaintiff, in an effort to save himself from falling, threw out his right hand and it was caught in the unguarded cog wheels at the end of the shaft which actuated the conveyor. Upon the trial the complaint was dismissed upon the ground that plaintiff had failed to prove negligence. The dismissal was not placed upon the ground that the doctrine of *respondeat superior* did not apply, and in this I think the trial court was correct; that doctrine has no application to this case. This was not the failure of a servant to perform a duty properly chargeable upon him

but was a general condition chargeable upon the defendants alone. It is analogous to a defective street. That some servant of the municipality caused the defect or left it unguarded is no defense. In this case the condition complained of was the fault of no particular servant, but it is claimed that it was an unsafe condition where reasonable care would have produced safety. It was, therefore, a question for the jury to say whether the defendants had given plaintiff a reasonably safe place to work. The plaintiff came upon the premises to perform work in which the defendants were interested, work which he was obliged to perform by use of the means provided for him. His position was the same as if he were an employee of the defendants. (*Heskell* v. *Auburn L., H. & P. Co.,* 209 N. Y. 86; *Hess* v. *Bernheimer & Schwartz Brewing Co.,* 219 id. 415; *McLean* v. *Studebaker Brothers Co.,* 221 id. 475.) The planks on which plaintiff stood were unfastened, the beam upon which he rested one foot was badly worn; near him were unguarded cog wheels, and in this situation the plaintiff was required to hold one end of a coal chute and at the same time manipulate the rope by which the chute was suspended. It certainly raised a question for the jury.

As to the remaining questions now raised, I think it only necessary to say that the allegation in the complaint that the building in question was erected and is maintained and controlled by both defendants is not denied by the defendants in their answer. These allegations are, therefore, admitted. The charter of the greater city expressly provides that the department of health may sue and be sued. (Greater New York Charter [Laws of 1901, chap. 466], §§ 1192, 1196.)

The judgment should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., RICH, BLACKMAR and KELLY, JJ., concur.

Judgment reversed and new trial granted, costs to abide the event.