———— DOUGHERTY, Administratrix of .LEO DOUGHERTY, Deceased, Plaintiff, *v*. PRATT INSTITUTE, Defendant.

Supreme Court, Kings County, May 14, 1925.

Negligence — action to recover for death of plaintiff's intestate who was killed while cleaning windows in defendant's building — intestate fell from window that did not have safety hooks — no evidence that he was cleaning window when he fell — defendant not under duty to furnish safety hooks — verdict for plaintiff set aside.

The verdict for the plaintiff, in an action to recover damages for the death of plaintiff's intestate, will be set aside where it appears that the intestate was cleaning windows in defendant's building; that the window from which he fell was not equipped with safety hooks, and that there is no evidence that at the time of the accident intestate was actually engaged in cleaning that window.

The action cannot be based upon any duty on the part of the defendant to equip its windows with safety hooks.

MOTION by defendant to set aside verdict for plaintiff and to dismiss complaint.

*Thomas J. Brennan,* for the plaintiff.

*Benj. C. Loder,* for the defendant.

HAGARTY, J.:

The plaintiff recovered a verdict and the defendant now moves to set it aside and to dismiss the complaint. In my opinion the defendant's motion must be granted. The defendant entered into a contract with the employer of the plaintiff's intestate for the cleaning of its windows. On the day of his death the plaintiff's intestate was at work upon the fourth floor of the defendant's building. He had cleaned the windows on this floor in succession and had used his safety belt by attaching it to the safety hooks upon the window casings. When last seen before the accident, he was in the act of cleaning the window alongside of the one from which he fell. The one from which he fell was proven conclusively by a broken skylight immediately beneath, and this window was not equipped with safety hooks. The safety belt was found fastened to the waist of plaintiff's intestate and upon removal was examined

and found to be in good condition. The cleaning utensils used by the plaintiff's intestate were inside the room. There was no proof that the window from which the deceased fell had been touched by the cleaning utensils. The case was submitted to the jury upon the theory that the defendant owed to the deceased the duty of furnishing him with a reasonably safe place to work (*Alexander* v. *City of N. Y.*, 194 App. Div. 161; *McLean* v. *Studebaker Bros. Co.*, 221 N. Y. 475), and that this window was unsafe because there were no hooks upon which the deceased could have attached his safety belt. I am unable to find any case exactly in point. It is conceded that no duty was imposed by statute upon the defendant to provide hooks for safety belts. At common law, reasoning by analogy, no duty devolved upon an owner of a building to provide fire escapes for the protection of his tenants. (*Pauley* v. *S. G. & L. Co.*, 131 N. Y. 90, 94; *Huda* v. *American Glucose Co.*, 154 id. 474, 481; *Maiorca* v. *Myers*, 131 App. Div. 210, 211.) To quote from the opinion in *Huda* v. *American Glucose Co.* (*supra*): " If the method adopted by the defendant was not a violation of the statute in question, then there was no evidence of negligence in that respect for submission to the jury. At common law, there was no duty imposed upon the employer to provide fire escapes, in anticipation of the burning of the building in which he employed his workmen. If his building was properly constructed for the purposes of its intended use, such extraordinary and unusual precautions were not demanded of him." But even in a case where the duty is imposed by statute the plaintiff must prove that the injury was caused by this breach of duty, that is, by the absence of the prescribed protection. (*Amberg* v. *Kinley*, 214 N. Y. 531; *Willy* v. *Mulledy*, 78 id. 310, 316.) Where the duty is created by statute and where a violation of the statute is held to be negligence and not merely evidence of negligence, it must appear that the violation was the cause of the accident. (*Martin* v. *Herzog*, 228 N. Y. 164; *Sembler* v. *Cowperthwait*, 53 Misc. 28; *Giminski* v. *Irving*, 210 App. Div. 343.) In this case there was no evidence that the deceased was outside of the window on the window sill and actually engaged in the work of cleaning the window when he fell. Had there been such evidence the inference that there was a causal connection between the absence of the hooks to which the safety belt could have been attached and the fall of the deceased might be justified. The evidence, however, is equally consistent with the theory that the deceased fell while he was in the act of getting out of the window to the sill, either as a result of carelessness on his part or accidental slipping, which caused him to fall before he was in a position to attach his safety belt to the hooks, had

they been there. (*Ford* v. *McAdoo*, 231 N. Y. 155, 161; *Francey* v. *Rutland R. R. Co.*, 222 id. 482; *Ruback* v. *McCleary, Wallin & Crouse*, 220 id. 188, 195; *Searles* v. *Manhattan R. Co.*, 101 id. 661, 662; *Collins* v. *City of N. Y.*, 185 App. Div. 586; *Moscato* v. *Prince Line, Lim.*, 164 id. 412.)    Motion granted.