**HIGGINS INVESTMENTS, INC., Appellant,**

v.

**Octavia STURGILL, Executrix of the Estate of John Dennis Sturgill, Deceased, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1974.

As Modified on Denial of Rehearing
May 17, 1974.

Lionel A. Hawse, Charles Landrum, Jr., Landrum, Patterson & Dickey, Lexington, for appellant.

Wheeler B. Boone, M. Theodore Valentine, Lexington, for appellee.

GARDNER, Commissioner.

John Dennis Sturgill died in a fire which occurred in the apartment where he was a tenant. Appellant was the owner of the building. The trial resulted in a jury verdict and a judgment of $102,039.20 in favor of Sturgill's executrix against appellant. We affirm.

The building originally was a large single dwelling, but later was converted into apartments so that there were two apartments on the first floor, four on the second floor, and three on the third floor. There was also an attic. Sturgill lived alone in a two-room apartment on the third floor. Adjoining his apartment was one occupied by Miss Regina Faye Cunningham. A small hallway, four feet by six feet, provided the only means of going from either the Sturgill apartment or the Cunningham apartment to the stairway. There was an outside fire escape parallel to this stairway which could be reached through the Cunningham kitchen or through a large window near the top of the stairway.

According to Miss Cunningham, she awoke to find a "red glow" around the door between her apartment and the hallway. When she opened the door the hallway was engulfed in smoke and blaze. She raced back through her kitchen and onto the fire escape. After the fire was subdued the deputy coroner and others went to Sturgill's apartment where they found him dead, with "100 percent" of his body having been burned. He was lying on the floor with his feet close to the hall door. The water was flowing from the shower past his feet and into the hallway. The nozzle was pointing toward the body.

The cause of the fire was not definitely established. There was no probative evidence of faulty wiring. There was speculation that arson was involved but no tangible evidence was produced to verify it. There was no evidence, of course, as to when Sturgill became aware of the fire. There was testimony that earlier in the evening Sturgill was drinking with friends but there was no evidence of his having "passed out" or of his being so drunk that he was insensible to the hazard of the fire. The many uncertainties make the case difficult to decide. There appears to be no serious doubt that the fire originated in the hallway, which is an important consideration in determining the proximate cause of the death of Sturgill.

The main issue is not whether appellant was negligent in permitting the fire to start, rather whether it provided an acceptable means of escape, and, if not, whether such failure was a substantial factor [1] in causing Sturgill's death.

"Standards of Safety" adopted by the Department of Insurance pursuant to KRS 227.300, and adopted by the City of Lexington, provide:

Article VIII, section 804, 4. Exits.

"(a) Every story used as a residential occupancy for ten or more occupants and every story in an apartment building having one or more dwelling units above the second story shall have at least two separate exits; * * *."

1. See Collins v. Galbraith, Ky., 494 S.W.2d 527, 530 (1973), and Harris v. Thompson, Ky., 497 S.W.2d 422, 431 (1973), employing the language of Restatement 2d, Torts, section 231, in lieu of "proximate cause."

Article V, section 501, 1. Exits Defined.

"(b) Required exists from any area in a building shall not lead through rooms of other tenancies, or through any room subject to locking, * * *."

"(d) Elevators and windows shall not constitute paths of exit."

Article V, section 500. Purpose.

"(a) * * * In general this will require not less than two exits, as widely separated as possible, together with doorways, hallways, passageways, and stairways, forming continuous and unobstructed avenues of escape from any given point."

Appellant argues that the court's instructing the jury that appellant was negligent if it failed to furnish two exits, and further instructing "The Court states that elevators and windows shall not constitute paths of exit," was tantamount to its directing the jury to find appellant negligent since appellant admitted that one of the exits was through the window between the stairway and the fire escape. Instruction No. 1 was in part as follows:

"The court instructs the jury that it was the duty of the defendant, Higgins Investments, Inc., to provide two means of exit from the floor of the apartment building on which the deceased, Sturgill, resided, but not from the apartment of John Dennis Sturgill itself. The Court states that elevators and windows shall not constitute paths of exit. Required exits from any area in a building shall not lead through rooms of other tenancies, or through any room subject to locking. If you believe from the evidence that the defendant, Higgins Investments, Inc., was negligent in that it failed, if they did, to furnish two means of exit as herein described from the story of said apartment building, and that such failure, if any there was, was the direct and proximate cause of the death of the decedent, John Dennis Sturgill, then the law is for the plaintiff and you will so find, but unless you so believe, you will find for the defendant."

The court's instruction followed the wording of the standards, which specifically declared that windows would not qualify as "paths of exit." Appellant stresses that there was a "substantial compliance" and the court should have so declared as a matter of law. Appellant asserts that throughout the standards the word "reasonable" is used and there is included in section 500(c) the words "substantially equivalent" in referring to exit facilities. Aside from the question of whether the issue of substantial compliance was properly presented to the trial court so that it could be reviewed by this court, we do not believe that, under the circumstances revealed by the evidence, it could be said that there was substantial compliance as a matter of law. Nor do we accept appellant's argument that the determination of the city fire marshal, whose duty it was to determine if there was substantial compliance, was conclusive. His opinion, like that of any other expert, only became a part of all the evidence to be given such weight as the court or jury placed on it.

It matters not whether the court specifically directed the jury to find that the window did not meet the specifications or whether, as it did, it submitted the issue to the jury in such a way that it was tantamount to a peremptory instruction. A peremptory instruction on this issue would have been proper.

Appellant asssigns as error the admission into evidence of violations of provisions of the standards which had not been specifically relied on in the complaint. Appellant states that in the complaint appellee pleaded specific violation of the standards which dealt with the *causes* of fires, but not those dealing with *means of escape*. It argues that since the complaint and most of the evidence were concerned with faulty wiring and other possible cause of the fire, appellant was taken by surprise and was prejudiced by the introduction of

evidence relating to the matter of escape. It is noted that the complaint speaks of violation of certain sections of the standards and of "other violations of said standards." Under a liberal construction of the rules (see Pike v. George, Ky., 434 S.W.2d 626 (1968), and 6 Clay Ky. Practice 2d Ed., CR 8.01), we believe the complaint was sufficient to authorize evidence of violation of any pertinent provision of the standards of safety. If the complaint was vague or ambiguous appellant could have moved for a more definite statement. CR 12.05.

■ *Appellant's main contention is that* regardless of whether the window qualified as an exit within the meaning of the standards, the issue is immaterial since the deceased could not have reached it because of the raging fire in the hallway; that inadequacy of the window exit could not have been a proximate cause of the death. Appellant sets forth the general rule that to be successful in a negligence action the plaintiff must prove both negligence and proximate cause. See Conway v. Louisville & N. R. Co., 135 Ky. 229, 119 S.W. 206, 122 S.W. 136 (1909). Appellant argues vigorously that appellee utterly failed to show a causal connection between the inadequate exit and the death of Sturgill. It points out that if there had been five adequate doors for escape on the other side of the hallway the deceased could not have pierced the "raging inferno." The same argument under somewhat similar circumstances was rejected by this court in Louisville Trust Co. v. Morgan, 180 Ky. 609, 203 S.W. 555 (1918). In that case a fire trapped Morgan and two other tenants in a room in the annex of a hotel. Their means of exit was through a hallway. There was no outside fire escape as required by the city ordinance. The argument was advanced that Morgan failed to show that the negligence of the hotel owner in not having the building equipped in the manner provided in the ordinance was the proximate cause of the injury. The owner contended that the fire itself would have prevented Morgan from reaching the fire escape, so the element of proximate cause was lacking. The court disagreed and in its opinion quoted with approval part of the opinion of Arnold v. National Starch Co., 194 N.Y. 42, 86 N.E. 815 (1909), as follows:

" 'But * * * it is further urged in behalf of respondent that its failure to comply with the statute, even if mandatory, may not be made the basis of a recovery for any damages sustained by appellant on the occasion in question, because it was not established that the injuries resulted from such failure. This argument rests on two propositions; the first one being that other sufficient means of escape were provided, and the second one that appellant's clothes and hair took fire immediately when the conflagration reached the room where she was, and that, therefore, her damages accrued before she could possibly have reached the fire escape if provided. The evidence, in my judgment, permitted the jury to find against this argument and both of the propositions involved in it. * * * And on the other proposition, while the evidence may not establish with mathematical accuracy just when the fire reached appellant's clothes and person with reference to its first appearance on the floor, or with reference to her final escape therefrom many minutes afterwards, still, as I read it, it permitted the jury to find that as the result of an accumulation of inflammable dust and material the fire spread very rapidly throughout the floor, that appellant came in contact with it and was set on fire some time after it first appeared, and that if there had been statutory and convenient fire escapes from the windows she might have escaped thereby before becoming on fire, and, conversely, that the failure to comply with the statute resulted in her detention in the burning room for many unnecessary minutes, and that such detention and inability to escape caused and contributed to her injuries.' "

Whether there was a showing of a substantial causative factor as a matter of law, we do not need to discuss since the question was submitted to the jury and the jury found that there was. The ordinance required two exits and that they be *as widely separated as possible*. There were two apartments and one common hallway, leading to a single stairway, on the floor in question. When the fire consumed the hallway all means of escape from the Sturgill apartment were blocked. Had the second exit been somewhere other than in the Cunningham apartment, it would have had to be in Sturgill's apartment, and in that event there is little doubt that he could have escaped and that appellant's failure to provide such a second exit was a substantial causative factor in producing the injury.

We believe that there was sufficient evidence to warrant the court's submission of the question of substantial causation to the jury.

The judgment is affirmed.

All concur.