**John H. REISERT and Brian D. Schaefer, Appellants,**

v.

**APPLE VALLEY RESORT, INC. and Otto F. Knop, Appellees.**

Court of Appeals of Kentucky.

May 13, 1977.

James W. Bryant, Schaefer & Airhart, Louisville, for appellants.

John F. Rogers, Frank E. Haddad, Jr., Louisville, for appellees.

Before HOWARD, LESTER and WILHOIT, JJ.

LESTER, Judge.

John H. Reisert and Brian D. Schaefer in their complaint against Apple Valley Resort, Inc. and William F. Clarkson, III, individually alleged that they had contracted with Apple Valley to purchase a condominium, that Clarkson, the President and a director of Apple Valley, in his capacity as agent, represented that the plaintiffs could receive the return of their deposit after inspecting the condominium unit and that after the inspection, the defendants wrongfully, fraudulently and in bad faith refused to return the deposit. The plaintiffs requested the rescission of all transactions between the plaintiffs and the defendants, the refund of all monies paid by plaintiffs to defendants with interest and exemplary damages. Upon defendant's motion of April 5, 1976, the circuit court on April 26th ordered plaintiffs to file a more definite statement by May 19, 1976. On June 21, 1976, the court granted defendant's motion to dismiss the complaint as to Apple Valley on the ground that plaintiffs had failed to file a more definite statement.

In this appeal, we need only consider the obligation of a party to respond to an order that he file a more definite statement under CR 12.05.

The appellee in its notice and motion, pursuant to CR 12.05, listed the following as defects in the complaint which made it unreasonable to expect it to file a responsive pleading:

1. The plaintiffs alleged that Otto F. Knop is the successor in interest of the defendant corporation, but they did not state what is a successor in interest.

2. The plaintiffs did not specify the agents who made the certain inducements except for William F. Clarkson, III.

3. The plaintiffs failed to file or state with particularity the written representations which caused the inducements.

4. The plaintiffs did not allege who holds their monies, the amount thereof or the terms and conditions of the deposit.

5. The plaintiffs did not file the contract or state with particularity its terms and conditions.

6. Although the plaintiffs alleged that they have performed all conditions of the contract required to be performed by them, they have not filed the contract or stated with particularity its terms and conditions.

7. The plaintiffs have not stated with particularity any of the facts constituting fraud, bad faith or illegality.

8. The plaintiffs have not alleged the terms and conditions of the commitments which the defendants refused to honor.

After a hearing on this motion, which the parties attended, the court ordered appellants to set forth sufficient details in their complaint to elucidate these 8 points by May 19th. The appellants, on April 9, 1976, gave notice that they intended to take the depositions of Clarkson and Knop on April 15th. Again, on April 19th, the appellants gave notice that they would take the depositions of Clarkson and Knop on April 19th, but this time they instructed Clarkson and Knop to bring "any and all contracts, memorandums (sic), letters, deposit agreements and any and all other written material relating to the matters alleged in the complaint including, but not limited to, the contracts, representations and agreements

referred to therein". Nothing in the record reflects whether the appellants made *any* discovery. On May 28th, Apple Valley moved to dismiss. Appellants, on June 7th, pursuant to CR 34.01, requested appellee to produce the contract and on June 11th, pursuant to CR 36.01, requested both appellee and Clarkson to admit that Otto F. Knop was the successor to Apple Valley. The court dismissed the complaint on June 21st and on June 23rd, appellants sought relief from the judgment under CR 60.02 on the ground that counsel for appellants did not appear to argue the motion to dismiss because medication caused him to oversleep. The court denied this motion.

The appellants take the position that we should reverse because the court required them to make a more definite statement as to information peculiarly within the appellee's knowledge. Nothing in the record indicates whether the appellants voiced this objection to the court below, but in any event, CR 12.05 justifies the dismissal because the rule clearly demands that the party whom the court orders to make a more definite statement reply to the order.

CR 12.05 permits a party entitled to file a responsive pleading, but who cannot reasonably be required to do so due to the vagueness of the pleading to which he wishes to respond to "move for a more definite statement before interposing his responsive pleading". The Rule goes on to state that:

> (t)he motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after service of notice of the order or within such time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

The Rule functions only to enable a party to determine the nature of the claim or defense and should not be used, as the appellants correctly maintain, to compel the disclosure of matters within the knowledge of the moving party. *Great Atlantic & Pacific Tea Co. v. Smith*, 281 Ky. 583, 136 S.W.2d 759 (1940) Clay, *Ky. Prac.*, 3rd Ed. Civil

Rule 12.05 at 214 (1974). However, a party waives his objection of surprise to evidence developed during trial and authorized by the pleading, but which he may not have anticipated due to the vagueness of the pleading, if he did not move for a more definite statement. *Higgins Investments, Inc. v. Sturgill*, Ky., 509 S.W.2d 266 (1974); *Rucker v. Rainwater*, Ky., 449 S.W.2d 753 (1970); *Scott v. Farmers State Bank*, Ky., 410 S.W.2d 717 (1967). Although a complaint clearly states a cause of action, the trial court in ruling on a CR 12.05 motion has to decide whether the defendant has been supplied with enough information to set up all his defenses and prepare for trial in an orderly fashion. As pointed out in *Alvey v. Kern*, Ky., 354 S.W.2d 516, 517 (1962), the construction of the rule to accomplish substantial justice "rests largely in the discretion of the trial court". Consequently, when the court grants such a motion, the party opposed to the motion does not fulfill his responsibility to the trial court by simply ignoring its order.

In complying with the Rule, appellee set out eight purported defects. The court in granting appellee's motion in effect agreed as to the vagueness of appellants' complaint in these respects. The court gave appellants a period of time to fill in these gaps. Not only did the appellants not file a more definite statement, they did not explain to the court why as to each of the eight factors they could not supply more details. The Rule provides that if "the order of court is not obeyed . . . within such time as the court may fix, the court may strike the pleading to which the motion was directed or make such other order as it deems just." Ordinarily, the dismissal of the complaint would seem to be a harsh result, but in view of the utter neglect of appellants in this case to make any sort of response to the court's order, we do not feel that the court below abused its discretion.

The judgment is affirmed.

All concur.