RENDERED: OCTOBER 9, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-1479-MR

THOMAS SUMMERS                                                    APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE DARRYL S. LAVERY, JUDGE
ACTION NO. 18-CI-002614

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                                 APPELLEE

OPINION
VACATING AND REMANDING
WITH DIRECTIONS

** ** ** ** **

BEFORE: GOODWINE, TAYLOR, AND K. THOMPSON, JUDGES.

TAYLOR, JUDGE: Thomas Summers brings this appeal from a September 10,
2018, Order of the Jefferson Circuit Court dismissing Summers' complaint against
Louisville/Jefferson County Metro Government (Louisville Metro), presumably
dismissed pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f). For the
reasons stated, we vacate and remand with directions.

On May 7, 2018, Summers, then *pro se*, filed a one-page handwritten complaint. The entirety of Summers' complaint read as follows: "Civil Right Violation Equal Employment Opportunity Discrimination Harassment by a Louisville Metro Government Supervisor Job promotion."

In lieu of filing an answer, Louisville Metro filed a motion pursuant to CR 12.05 for a more definite statement. Therein, Louisville Metro noted there was no indication whether the action was brought pursuant to federal civil rights law or state civil rights law, no description of the actions taken against Summers that allegedly resulted in discrimination and/or harassment, and no facts to support his allegation of a civil rights violation.

By order entered July 16, 2018, the circuit court granted Louisville Metro's motion for a more definite statement and gave Summers ten days to file a more definite statement. On July 26, 2018, Summers timely filed an "amended complaint" setting out plaintiff's "definite statement."[1] Summers failed to include a certificate of service on the amended pleading and Louisville Metro asserts it was not served with the amended complaint setting out a more definite statement of the claims.[2] Then, on August 16, 2018, Louisville Metro filed a motion pursuant to

---

[1] For purposes of review, this opinion will address Thomas Summers' response to the order directing a more definite statement as an amended complaint.

[2] The circuit court's order entered July 16, 2018, directed Louisville/Jefferson County Metro Government (Louisville Metro) to file an answer to the amended complaint within 20 days after

CR 12.02(f) to dismiss Summers' complaint for failure to state a claim upon which relief could be granted. By order entered September 10, 2018, the circuit court granted Louisville Metro's motion to dismiss and dismissed Summers' complaint with prejudice. The order did not state the basis for dismissal. This appeal follows.

We begin by noting that Summers, *pro se*, timely filed the notice of appeal on October 4, 2018. He also filed, *pro se*, a prehearing statement on October 25, 2018. On May 20, 2019, attorney Marque G. Carey entered his appearance for Summers. Thereafter, Summers' brief was filed by attorney Carey. The brief does not address the merits of Summers' claims, but rather only addressed the timeliness of the filing of the amended complaint below. Based on the grounds set out in the motion to dismiss, Summers argues the circuit court did not review the amended complaint filed in response to the court's order for a more definite statement, which thus resulted in dismissal of the case. Summers also argues that the amended complaint sufficiently put Louisville Metro on notice that he was discriminated against in his employment by Louisville Metro based on race. However, the amended complaint does not contain a certificate of service and

---

service of the more definite statement. Louisville Metro did not file an answer prior to filing the motion to dismiss.

Louisville Metro alleges that the amended complaint was not served on Louisville Metro's counsel.

Summers' primary argument on appeal presumes the circuit court did not review the amended complaint in granting the motion to dismiss. The amended complaint was filed on July 26, 2018, and the court's order dismissing the case was entered on September 10, 2018. However, the motion to dismiss was filed on August 16, 2018, pursuant to CR 12.02(f), asserting that the complaint failed to state a cause of action for which relief could be granted. As noted, the motion to dismiss did not reference the amended complaint, presumably because it had not been served on Louisville Metro's counsel when filed. The circuit court's order does not reference CR 12.02(f) as a basis for dismissal. And, the court did not conduct a hearing on the motion to dismiss. Further complicating matters for purposes of our review, the circuit court entered the order dismissing that was tendered by Louisville Metro with its motion to dismiss. Again, the motion to dismiss was premised on the argument that Summers had not filed an amended complaint in accordance with the court's earlier order for a more definite statement and, thus, under CR 12.02(f), appellee was entitled to a dismissal on the merits.

Had Summers ignored the court's order to file a more definite statement, then dismissal was certainly within the circuit court's sound discretion in this case. *See Reisert v. Apple Valley Resort, Inc.*, 551 S.W.2d 256, 258 (Ky.

-4-

App. 1977). However, Summers did timely file a response to the court's order by filing an amended pleading or complaint on July 26, 2018, although arguably it was not properly served on appellee's counsel. Dismissal pursuant to CR 12.05 under this circumstance would likely be considered overly harsh. *See id.*

While we could assume that the circuit court reviewed the amended complaint in dismissing the case, that assumption would be contradicted by the fact that the court entered a terse two-sentence order dismissing, tendered by Louisville Metro, which gives no explanation for the basis of dismissal. Thus, we have no way of knowing whether dismissal was based on CR 12.02(f) or CR 12.05, which clearly compromises our duty to fairly review the proceedings below.

Under these circumstances, we cannot conduct a *de novo* review, which would be permissible if the case was dismissed on the merits under CR 12.02(f). *See Carruthers v. Edwards*, 395 S.W.3d 488, 491 (Ky. App. 2012).

Accordingly, we must vacate and remand for the circuit court to reconsider the motion to dismiss in accordance with this opinion and further direct the court to conduct a hearing on the merits of the CR 12.02(f) motion to dismiss filed by Louisville Metro.[3]

---

[3] This Court is not mandating an evidentiary hearing, but rather a hearing to allow counsel to argue and address the merits of the Kentucky Rules of Civil Procedure 12.02(f) motion to dismiss based on the entire record below.

-5-

For the foregoing reasons, the Order of the Jefferson Circuit Court is vacated and remanded with directions.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Marque G. Carey
Louisville, Kentucky

BRIEF FOR APPELLEE:

Annale R. Taylor
Assistant County Attorney
Frankfort, Kentucky