CATHERINE GOETZ, as Administratrix of the Estate of MICHAEL J. GOETZ, Deceased, Appellant, *v.* JANE E. DUFFY, Individually and as Executrix of TERRENCE J. DUFFY, Deceased, et al., Respondents, Impleaded with Others. ·

Labor Law — provision requiring fire escapes on outside of every factory building "connected with the interior by easily accessible and unobstructed openings" — death of employee of lessee caused by fire — when owner of building liable for failure to have accessible fire escape on building.

1. Under the provisions of the Labor Law (prior to the enactment of chapter 461 of the Laws of 1913) requiring the erection and maintenance of fire escapes on the outside of certain buildings used for a factory or tenant factory, "connected with the interior by easily accessible and unobstructed openings" (Cons. Laws, ch. 31, §§ 82, 94; L. 1909, ch. 36), the obligation to maintain an accessible and unobstructed fire escape was imposed upon the owner of the building. The statute expressly provides that the owner, "instead of the respective lessees or tenants," shall be responsible and he cannot avoid liability for failure to obey the statute by delegating the performance of the duty to others.

2. In an action against the owner, the lessee and the sublessee of a factory building for negligently causing the death of an employee of the sublessee who lost his life in a fire in the building, it appeared that a wooden partition erected by the sublessee separated the workroom of the sublessee from the hallway which led to the fire escape. The only way out of the workroom to the hall was through a self-locking door in the partition opening into the office of the sublessee and thence through another door into the hall. In the rear wall of the workroom was a small window, or opening, in the partition three feet from the floor. A fire suddenly broke out in the workroom of the sublessee and plaintiff's intestate endeavored to make his way out through the door leading into the office, which was shut and which he was unable to open. He then tried to get out of the workroom through the opening in the rear partition, but was unable to do so and was burned to death. The trial court dismissed the complaint as against the owner and as against the lessees of the building. *Held*, that the judgment in favor of the lessees should be affirmed since there is no statutory

liability imposed upon them; that it was error to dismiss the complaint as a matter of law, as against the owner, since under the evidence it was a question of fact whether he had complied with the provisions of the statute in question, and the judgment in his favor should be reversed.

*Goetz* v. *Duffy,* 160 App. Div. 845, modified.

(Argued January 21, 1915; decided May 25, 1915.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 30, 1914, affirming a judgment in favor of defendants, respondents, entered upon a dismissal of the complaint as to them by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas J. O'Neill* and *Leonard F. Fish* for appellant. The facts establish a violation of the statute by a failure to provide the fire escapes contemplated by the legislature. (L. 1909, ch. 36, § 82; *Arnold* v. *Nat. Starch Co.,* 194 N. Y. 42; *Schwander* v. *Berge,* 33 Hun, 186; *McLaughlin* v. *Armfeld,* 58 Hun, 376; *Pawley* v. *S. & L. Co.,* 131 N. Y. 90; *Yall* v. *Snow,* 201 Mo. 511.) The owner was liable irrespective of the statute. (*Schwander* v. *Berge,* 33 Hun, 186.)

*George M. Pinney* and *James B. Henney* for Jane C. Duffy, individually and as executrix, respondent. The law was fully complied with by the defendant Duffy as owner of the building. (L. 1909, ch. 36, § 82.)

*George C. Austin* for Henry V. Keep et al., respondents. No violation of any statutory duty by the Keep defendants was shown. The Labor Law specifically provides that the owner instead of the lessees or tenants shall be responsible for the observance and punishable for the non-observance of the provisions of the law. (L. 1909, ch. 36, § 94.)

WILLARD BARTLETT, Ch. J.   This is an action to recover damages for negligently causing the death of plaintiff's intestate, who lost his life in a factory fire on the sixth and uppermost floor of the building Nos. 129–131 West 31st street, in the borough of Manhattan in the city of New York.   A corporation known as Charles A. Hetzel & Son Company occupied and used the southwest corner of the floor — a space 23 feet wide and 35 feet deep, fronting on West 31st street — for the manufacture of combs from ivory and celluloid.   This corporation held the premises under a lease from the H. V. Keep Shirt Company, a New Jersey corporation, which in turn was a tenant of the entire sixth floor under a lease from the owner of the building, the defendant Duffy, and utilized for its own purposes all of the same which was not rented to Charles A. Hetzel & Son Co.

Michael J. Goetz, the plaintiff's intestate, was in the employ of the latter corporation which, for convenience, is called the Hetzel Company.   The Hetzel factory was partitioned off from a hallway which ran from the front of the building backward toward the rear and from the loft occupied by the Keep concern at the back.   In the front corner of the Hetzel factory next to the hall was an office seven feet wide and eighteen feet long, separated from the workroom by a partition.   A door through this partition led from the office into the workroom, and access into the office from the hall was obtained through a door opposite.   At the rear of the workroom where it adjoined the Keep premises was a V-shaped opening near the west wall, described in the evidence as a little window in the partition at an elevation of three feet from the floor.   The only way out of the workroom into the hall was through the door opening into and that opening out of the office.   At the rear of the hall was a fire escape.

On the 11th day of November, 1909, a fire suddenly broke out in the Hetzel factory, evidently originating from the fall of sparks among the scraps of celluloid.

There were seven persons in the workroom, of whom only two escaped death. The plaintiff's intestate endeavored to make his way out through the door leading into the office. This was a self-locking door. It was shut and he was unable to open it. The only remaining available exit was the window in the rear partition about three feet above the floor. Two of the employees got out that way by stepping upon a small barrel below the window; but Goetz was not able to do so and he was burned to death.

His administratrix brought this action to recover damages for the negligence resulting in his death, making defendants his employer, the lessee from whom the employer had a sublease, and the owner of the building. The complaint against the lessee and the owner was dismissed and the dismissal has been sustained by the Appellate Division. I think the case presented a question for the jury, certainly as against the owner. The question as to the liability of the tenants of the H. V. Keep Company is more doubtful. The liability of the owner is predicated upon sections 82 and 94 of the Labor Law (Laws of 1909, ch. 36; Cons. Laws, ch. 31) as in force at the time of the fire. By chapter 461 of the Laws of 1913 the Labor Law was extensively amended in relation to fire escapes and exits in existing factories, the future construction of factory buildings, and the limitation of the number of occupants in factories. These amendments constitute the existing law on the subject; but in the present case we have to determine the obligations resting upon the respondents under the law as it was at the time of the fire and the time of the trial.

Section 82 of the Labor Law then provided, among other things: "Such fire escapes as may be deemed necessary by the commissioner of labor shall be provided on the outside of every factory in this state consisting of three or more stories in height. Each escape shall connect with each floor above the first, and shall be of suffi-

cient strength, well fastened and secured, and shall have landings or balconies not less than six feet in length and three feet in width, guarded by iron railings not less than three feet in height, embracing at least two windows at each story *and connected with the interior by easily accessible and unobstructed openings.*" Section 94 defined the term tenant-factory as used in the Labor Law to be "a building, separate parts of which are occupied and used by different persons, companies or corporations, and one or more of which parts is so used as to constitute in law a factory." It prescribed that the owner instead of the respective lessees or tenants should be responsible for the observance and punishable for the non-observance of the provisions of section 82; and required the lessee or tenant of any part of a tenant-factory to permit the owner, his agents and servants to enter and remain upon the demised premises whenever and so long as might be necessary to comply with the provisions of law, the responsibility for which was thereby placed upon such owner.

The building in which the fire occurred was a tenant-factory within the meaning of the statute. Construed together, the effect of sections 82 and 94 of the Labor Law was to require the maintenance of a fire escape on the floor on which the Hetzel establishment was located "connected with the interior by easily accessible and unobstructed openings;" and this irrespective of any demand by the commissioner of labor or the superintendent of buildings, performing like functions in the city of New York. (*Willy* v. *Mulledy*, 78 N. Y. 310; *McRickard* v. *Flint*, 114 N. Y. 222; *Arnold* v. *National Starch Co.*, 194 N. Y. 42.) The obligation thus to maintain an accessible and unobstructed fire escape was imposed upon the owner and he could not avoid liability by delegating the performance of the duty to others. A fire escape was in fact provided; but there was evidence which should have taken the case to the jury to the effect

that access thereto was so obstructed as to render it of little or no avail in such an emergency as arose when the fire suddenly broke out in the Hetzel factory. It needs no argument to show that a fire escape is useless if the way to it is impassable.

The Appellate Division thought it clear that the owner discharged faithfully and efficiently every duty imposed upon her by the statute, were it not for the alterations made by the defendant H. V. Keep Company in connection with the defendants Hetzel; and that the owner could not be chargeable with these, because the requirement that the fire escape should be connected with the interior by easily accessible and unobstructed openings did not refer to the whole interior of the floor but referred only to the opening through the wall adjacent to the fire escape. I construe the provision differently. I agree that where there is only one factory establishment in a building it was necessary only to have fire escapes on the floor occupied by that factory; but I think the statute made it essential that such fire escapes should be *accessible from the factory* wherever it might be situated; and that the duty was imposed upon the owner to permit no interior construction by his immediate tenants which should interfere substantially with or obstruct such access by the factory employees. It seems to me that section 94 of the Labor Law could have meant nothing less than this, when it provided in express terms that the owner, whether or not he was also one of the occupants, should be responsible for the non-observance of the provisions of section 82, and that the lessee or tenant of any part of a tenant-factory should permit the owner or his representatives to enter and remain upon any part of the demised premises in order that he might fulfill his obligations in this respect.

It would seem that the immediate tenant who co-operated with the sublessee to obstruct free access to the fire escape ought to be as responsible as the owner of the

building; but the language of the statute appears to have been designed to relieve him from liability, when it says that the owner "*instead* of the respective lessees or tenants" shall be responsible. Unlike the defendant Hetzel Company the defendant H. V. Keep Company owed no common-law duty to the plaintiff's intestate. If liable at all it must be by virtue of some statute; and the statutory provision relied upon to charge the owner of the building imports in pretty clear language an intent to absolve the tenant as such. The word *instead* as used in the sentence quoted conveys the idea that while the owner is to be held responsible the tenant is not.

For these reasons, I favor a reversal of the judgment as to the owner but an affirmance, with costs, as to the respondents Keep.

CHASE, J. (concurring). The building in which the fire occurred was a tenant-factory within the meaning of the Labor Law. Fire escapes were required thereon. I think it may be assumed that the superintendent of buildings approved the fire escapes on the building as the building was erected and existed prior to the subdivision of the interior of the floor that had prior thereto been wholly occupied by the defendants Keep. I am unable to say that the fire escapes erected by the owner on her buildings were not all that the superintendent of buildings would have deemed necessary even after a subdivision of the interior of that floor. It is quite certain that the horrible catastrophe to the intestate and to his associates did not occur by reason of a lack of fire escapes on the front of the building. The employees would not in all probability have reached such a way of escape if it had been erected. The immediate cause of the intestate's death was negligence in handling the celluloid which resulted in the fire. The fact that the door leading from the room in which they were employed was locked was also one of the immediate causes of his death. The owner of the building

was not personally responsible for the way the room was used. I concur in the reversal as against the owner of the building because it does not appear that she erected fire escapes which were deemed necessary by the superintendent of buildings, in view of the subdivision of the floor to accommodate the Hetzel factory, and that to relieve her from liability it was necessary for her to get his approval of the fire escapes from time to time whenever any changes were made in the interior of the building which might reasonably be expected to affect his conclusion as to what was necessary to erect in the way of fire escapes within the meaning of the Labor Law.

The words of the statute, referring to the fire escapes as follows, "embracing at least two windows at each story and connected with the interior by easily accessible and unobstructed openings," refer, in my judgment, to an opening through the exterior walls and not to openings in the partitions of the interior of the building. The number and location of fire escapes required may depend, however, upon the interior arrangement of the floors to which the fire escapes are connected.

The question whether the owner of the building had, under all the circumstances of this case, complied with the Labor Law in regard to fire escapes was one of fact. The statute does not make the respective lessees or tenants liable for a failure to provide fire escapes deemed necessary by the commissioner of labor. The defendants Keep are not, therefore, liable to the plaintiff under the statute.

I vote to reverse the judgment and grant a new trial as against the defendant Duffy and to affirm the judgment so far as it affects the defendants Keep.

SEABURY, J. (dissenting). I concur in the opinion of Chief Judge BARTLETT, in so far as it holds that the complaint against the owner should not have been dismissed, and I dissent from it in so far as it holds that the

complaint against the defendants Keep was properly dismissed. The defendants Keep operated a factory as lessees of the owner, and as lessors sublet a part of the premises to the Hetzel Company, to be used as a separate factory, and with the consent of the owners caused the floor to be partitioned in such a manner as the jury might properly find to be in violation of law. Under these circumstances I think that the owner of the building and the lessees, who were also the lessors of the Hetzel Company, were both liable. The provision of the statute that "The owner * * * instead of the respective lessees or tenants shall be responsible," etc., was not, in my opinion, designed to relieve from liability those lessees or tenants who sublet premises not safeguarded in the manner required by law. The meaning of the statute seems to me to be apparent from that part of section 94 of the Labor Law which provides that "Except as in this article otherwise provided the person or persons, company or corporation conducting or operating a factory whether as owner or lessee of the whole or of a part of the building in which the same is situated or otherwise, shall be responsible for the observance and punishable for the non-observance of the provisions of this article, anything in any lease or agreement to the contrary notwithstanding."

I vote in favor of reversing the judgment of the Appellate Division as to both of the defendants.

HISCOCK, CUDDEBACK and MILLER, JJ., concur with WILLARD BARTLETT, Ch. J.; CHASE, J., concurs in result in separate opinion; SEABURY, J., reads opinion concurring in part and dissenting in part; CARDOZO, J., concurs with WILLARD BARTLETT, Ch. J., as to defendant Duffy, but dissents as to defendants Keep.

Judgment affirmed, with costs, as to defendants Keep. Judgment reversed, new trial granted, costs to abide event, as to defendant Duffy.