GOETZ v. DUFFY et al.

(Supreme Court, Appellate Division, Second Department. February 28, 1916.)

1. EVIDENCE ⟨⇒⟩32—JUDICIAL NOTICE—MUNICIPAL CODE.

The Appellate Division cannot take judicial notice of the existence and provisions of the Building Code of New York City, a mere code of municipal ordinances authorized originally by Greater New York Charter, § 647, enacted in 1897 (Laws 1897, c. 378), and ratified by the amended charter of 1901 (Laws 1901, c. 466, § 407).

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 42; Dec. Dig. ⟨⇒⟩32; Appeal and Error, Cent. Dig. § 2959.]

2. APPEAL AND ERROR ⟨⇒⟩891—RECEPTION OF DOCUMENTARY EVIDENCE.

The Appellate Division cannot receive documentary evidence, such as a copy of the Building Code of New York City, to reverse a judgment, though an appellate court may receive such evidence to sustain an affirmance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3625; Dec. Dig. ⟨⇒⟩891.]

Appeal from Trial Term, Queens County.

Action by Catherine Goetz, as administratrix of Michael J. Goetz, deceased, against Jane E. Duffy, individually and as executrix of Terrence J. Duffy, deceased, and others. From a judgment for plaintiff, and an order denying her motion for new trial, defendant named appeals. Judgment and order affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

George M. Pinney, of New York City, for appellant.

Thomas J. O'Neill, of New York City (Leonard F. Fish, of New York City, on the brief), for respondent.

PER CURIAM. We think the judgment and order in this case must be affirmed, unless the defendant is able to distinguish the facts and law on this trial from the case as determined by the Court of Appeals. Goetz v. Duffy, 215 N. Y. 53, 109 N. E. 113.

On the former trial, and on the former appeals, it was assumed that the duty of the Duffy estate was regulated by sections 82 and 94 of the Labor Law (Consol. Laws, c. 31) and the decision of the Court of Appeals rested upon that theory. At this trial and on this appeal,

---

the appellant Duffy contends that her duty as landlord, in relation to fire escapes on the factory premises, was regulated exclusively by section 103 of the Building Code of the City of New York, and cites in support of this contention City of New York v. Trustees, etc., 85 App. Div. 355, 83 N. Y. Supp. 442, affirmed 180 N. Y. 527, 72 N. E. 1140.

[1] A supreme difficulty with this contention now and here is that the Building Code was not offered in evidence at the trial, and no portion of it appears in the record on this appeal. It is a mere code of municipal ordinances, authorized originally by section 647 of the Greater New York Charter, as enacted in 1897, and ratified by section 407 of the amended Charter of 1901. Its existence and provisions, if relied upon in a judicial proceeding, must be proved by competent evidence. Neither are subjects of judicial cognizance. Porter v. Waring, 69 N. Y. 250; City of New York v. Seely-Taylor Co., 149 App. Div. 98, 133 N. Y. Supp. 808. Thus it is that this question was not raised adequately at the trial and is not before this court now.

[2] While documentary evidence may be received by an appellate court for the purpose of affirming a judgment, it may not be received for the purpose of reversing one.

The judgment and order are affirmed, with costs.

