THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMAN SHEVITZ and Others, Appellants.

First Department, April 13, 1917.

Labor Law — statute construed — lease of tenement factory not properly equipped with fire escapes — respective obligations of owner and tenant — misdemeanor to conduct factory in improperly equipped building although owner must provide equipment.

Although section 94 of the Labor Law places the obligation of making a tenement factory building comply with the regulations concerning fire escapes upon the owner of the building, section 79-b, which provides that no factory shall be conducted in any building heretofore erected

unless the building shall conform to certain requirements as to fire escapes, is binding upon a tenant of such building, and hence it is a misdemeanor for him to conduct a factory in a building not properly equipped although the obligation to install the proper equipment may be upon the owner.

The offense consists in leasing and using an improperly equipped building for factory purposes.

APPEAL by the defendants, Hyman Shevitz and others, from a judgment of the Court of Special Sessions of the City of New York, rendered against them on the 8th day of March, 1916, convicting them of a violation of the Labor Law.

*Albert De Roode,* for the appellants.

*Don Carlos Buell,* for the respondent.

SCOTT, J.:

The defendant Hyman Shevitz has been convicted of a misdemeanor for having on November 24, 1915, unlawfully conducted a factory in a building which does not conform to the requirements of section 79-b of the Labor Law. (See Consol. Laws, chap. 31 [Laws of 1909, chap. 36], § 79-b, added by Laws of 1913, chap. 461, as amd. by Laws of 1914, chaps. 182, 366, and Laws of 1915, chap. 719.)

That section, so far as relevant to the question involved in this appeal, reads as follows:

"§ 79-b. Requirements for existing buildings. No factory shall be conducted in any building heretofore erected unless such building shall conform to the following requirements:

"1. Required exits. Every building over two stories in height shall be provided on each floor with at least two means of exit or escape from fire, remote from each other, one of which on every floor above the ground floor shall lead to or open on an interior stairway, which shall be enclosed as hereinafter provided, or to an exterior enclosed fireproof stairway. The other shall lead to such a stairway; or to a horizontal exit; or to an exterior screened stairway; or to fire-escapes on the outside of the building in buildings of five stories or less in height except that such fire-escapes shall not be accepted as required means of exit in such buildings or particular classes

thereof where the Industrial Board* finds that such fire-escapes would not in its opinion furnish adequate and safe means of escape for the occupants in case of fire; or to outside fire-escapes in buildings over five stories in height when, in the opinion of the Industrial Board* the safety of the occupants of the building would not be endangered thereby. No point on any floor of such factory shall be more than one hundred feet or if there is maintained throughout the building an automatic sprinkler system conforming to the requirements of section eighty-three-b of this chapter, and to the rules and regulations of the Industrial Board* more than one hundred and fifty feet distant from the entrance to one such means of exit. * * *

" 2. Stairway enclosures. All interior stairways serving as required means of exit in buildings more than five stories in height and the landings, platforms and passageways connected therewith shall be enclosed on all sides by partitions of fire resisting material extending continuously from the basement. * * * "

The defendant manufactured underwear on the sixth floor of a building in the city of New York, employing there between forty and sixty people. The building answered the description of a tenant factory as defined by section 94 of the Labor Law, and fell short in several particulars of meeting the requirements of section 79-b quoted above with respect to the required means of exit.

The defendant, while he does not contend that the building meets the requirements of the law, insists that the owner of the building alone, and not a tenant, is responsible for the failure to observe the law.

He bases his claim to immunity upon section 94 of the Labor Law (as amd. by Laws of 1915, chap. 653), which reads, so far as pertinent, as follows:

" § 94. Tenant-factories. A tenant-factory within the meaning of the term as used in this chapter is a building, separate parts of which are occupied and used by different persons, companies or corporations, and one or more of which

---

* Now Industrial Commission. (See Laws of 1915, chap. 674, §§ 6, 7.) —[REP.

parts is so used as to constitute in law a factory. The owner, whether or not he is also one of the occupants, instead of the respective lessees or tenants, shall be responsible for the observance and punishable for the nonobservance of the following provisions of this article, anything in any lease to the contrary notwithstanding, namely, the provisions of sections * * * seventy-nine-b * * *; except that the lessees or tenants also shall be responsible for the observance and punishable for the nonobservance of the provisions of sections seventy-nine, seventy-nine-a, seventy-nine-b, seventy-nine-c, within their respective holdings. * * *."

His argument is that inasmuch as the defects proven consist of improperly constructed and screened stairways which physically are outside the loft occupied by him, it cannot be said there is shown a case of the non-observance of the provisions of section 79-b " within his holding."

Apart from the suggestion that since the right to use such stairways as are provided as a means of access and egress to his loft is impliedly included in his lease, even if not mentioned therein, it may be said that such stairways are in effect included in his holding, it is obvious that giving the language of section 79-b a strict construction, the defendant is shown to have carried on his business unlawfully.

The first sentence of the section provides that " No factory shall be conducted in any building heretofore erected unless such building shall conform to the following requirements." So it is clear that the conducting of a factory in the building was unlawful.

Among the requirements was that " no point on any floor of such factory shall be more than one hundred feet or if there is maintained throughout the building an automatic sprinkler system * * * more than one hundred and fifty feet distant from the entrance to one such means of exit." "Such means of exit," as here used, refers back to the requirement in the earlier part of the section that there shall be two means of exit, " one of which on every floor above the ground floor shall lead to or open on an interior stairway, which shall be enclosed as hereinafter provided, or to an exterior enclosed fireproof stairway. The other shall lead to such a stairway; or to a

horizontal exit; or to an exterior screened stairway; or [in certain cases] to fire escapes."

The evidence showed that the loft occupied by defendant had access to no means of exit such as are required by the statute, consequently no point within the loft occupied by defendant and used by him as a factory, is or can be within 100 or 150 feet "from the entrance to one such means of exit." It follows that the factory is unlawfully conducted in this loft, and the defect is within defendant's holding. This makes him responsible and punishable for a violation of section 79-b of the Labor Law, and under section 1275 of the Penal Law (as amd. by Laws of 1913, chap. 349) his offense is a misdemeanor.

It may be, as urged in defendant's behalf, that the defects in the building were not such as he was called upon or authorized to remedy, but even so, it does not serve to excuse him. He need not have established his factory in a building which did not comply with the law, but having done so he cannot escape the consequences.

Counsel, rather unfairly, refers us to *Goetz* v. *Duffy* (215 N. Y. 53) as an authority for the proposition that only the landlord, and not the tenant, should be held responsible and punishable. The case is inapplicable because the statutes there considered were different. The accident upon which the action was founded in that case occurred before section 79-b was added to the Labor Law, and before the last sentence above quoted from section 94, and which imposed liability upon a tenant for violations within his holding, had been added to the section. This amendment followed closely after the argument in but prior to the decision of the Court of Appeals in *Goetz* v. *Duffy,* and was doubtless intended to close up the loophole in the law disclosed by the decision at the Appellate Division (160 App. Div. 845).

The defendant contends that this construction of the Labor Law is unreasonably strict, but we do not so consider. That law was enacted, and has been amended and perfected from time to time with a view to provide, in factories and workshops, "reasonable and adequate protection to the lives, health and safety of all persons employed therein" (§ 51-a, as added by Laws of 1915, chap. 674), and one of the especial objects sought to be

attained is "to afford adequate protection against fire to all persons employed therein" (§ 79-c, as added by Laws of 1913, chap. 461). The greatest danger to life in case of fire in a factory, as bitter experience has proven, is inadequate and unsafe means of exit for the persons employed therein, and it is no injustice to hold a tenant who voluntarily establishes a factory in a building not properly equipped for that purpose as required by law to the penalties imposed for unlawfully maintaining a factory.

The judgment of conviction is affirmed.

CLARKE, P. J., LAUGHLIN, DAVIS and SHEARN, JJ., concurred.

Judgments affirmed.