The People of the State of New York on the Information of Leo J. O'Brien, Respondent, *v.* Samuel Wiesenthal, Appellant.

First Department, December 23, 1927.

**Crimes — violation of Labor Law, § 272 — defendant rented loft which had required number of exits — one door leading from defendant's loft to adjoining loft then vacant was closed by steel plate bolted to frame — adjoining loft was subsequently rented and had one exit only — building inspector testified that no other exit for adjoining loft could be made except through defendant's loft — defendant is liable.**

The defendant was properly convicted of violating section 272 of the Labor Law relating to doors leading into or out of any factory. It appears that the defendant rented a loft for manufacturing purposes and has at all times maintained the requisite number of openings for ingress and egress from his loft. But the defendant by agreement with the landlord closed a door leading to the adjoining loft by placing a steel plate over the same which was bolted to the frame of the door. Subsequently the adjoining loft was rented and it did not have the requisite number of doors for ingress and egress during business hours. The building inspector testified that no other door could be provided to comply with the requirements of the Labor Law except by opening the door which the defendant had closed or by piercing the wall and installing another door through the same partition, so that an opportunity of ingress and egress would be afforded from the second loft through the defendant's loft.

It is held that the act of the defendant in closing the door violates that part of the statute which provides that "no door leading into or out of any factory or any floor thereof shall be locked, bolted or fastened during working hours," and this holding is on the theory that although the exit was effectually closed by the placing of a steel plate over the same, it still remained a door.

Proskauer and O'Malley, JJ., dissent, with opinion.

Appeal by the defendant from a judgment of the Municipal Term of the Court of Special Sessions, Part I, of the City of New York, rendered on the 8th day of April, 1927, convicting him of the crime of violating subdivision 3 of section 272 of the Labor Law.

*Bernard Gordon* [*Harry A. Lieb* with him on the brief], for the appellant.

*Vine N. Smith* of counsel [*Benjamin Millstein* and *J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the respondent.

Merrell, J. The defendant was summoned to answer to the charge of violation of section 272, article 11, of the Labor Law upon the information of an inspector of the bureau of fire prevention in connection with the fire department of New York city. At the trial at Municipal Term of the Court of Special Sessions,

Part I, the owner of the real property in question, Samed Realty Co., Inc., was also charged with violation of section 271 of the Labor Law. The Samed Realty Co., Inc., first pleaded not guilty to the charge, but during the course of the trial withdrew such plea and pleaded guilty to a violation of said law, and sentence was suspended as to said defendant.

The situation presented upon the trial of the defendant, appellant, is a somewhat unusual one. The defendant, appellant, for five years prior to the trial had occupied a loft in one of the upper stories of a building located at 725–727 Broadway as a factory for the manufacture of clothing. The required number of doors under the provisions of the Labor Law for ingress and egress from said loft was at all times maintained by defendant. Adjoining the loft in question and upon the same floor of the building was another smaller loft or room occupied as a factory by a concern known as the United Weaving Company. Upon investigation it was found that the latter company had but one exit from its loft, which was being used as a factory. Prior to the leasing by the owner of the real property to the defendant of the loft for use as a clothing factory, the space leased to the defendant had been divided into several offices, and the owner of the real property agreed with defendant to remove all partitions between these offices and to close up a door leading into the smaller room now occupied by the United Weaving Company; and pursuant to such agreement the owner of the property closed the door by securely bolting to the casings thereof a steel plate. Subsequently the defendant installed his factory in said loft, and among other things placed shelves upon which cloths were placed along the wall, including and covering the door which had formerly opened into the smaller unleased premises, and for five years the defendant has used the loft leased to him as a factory for the wholesale manufacture of clothing. Sometime subsequent to the leasing of the loft to the defendant, the owner of the property leased the adjoining room to the United Weaving Company, and at the time of the institution of these proceedings the smaller apartment was used by said weaving company as a factory. Upon visitation by an inspector of the bureau of fire prevention, the latter discovered that there was but one exit from the weaving company's factory, and that in order to comply with the law it was necessary to open and keep open during working hours the door which had been closed leading from the weaving company's factory into the loft and factory occupied by the defendant. The inspector testified that no other door could be provided to comply with the requirements of the Labor Law, except by the opening of the door in question or the

First Department, December, 1927. [Vol. 222

piercing of the wall and the installation of another door through said partition, and ordered that said door be opened. After the weaving company became a tenant, it placed a steel bar across the door which had been closed from the defendant's side by the steel plate. The weaving company, in compliance with the said order of the bureau of fire prevention, at once removed the steel bar, but was unable to open the door by reason of the steel plate and shelving on the defendant's side. Upon a showing of these facts the trial justice held that the defendant was guilty of a violation by keeping the door which had formerly existed and which was the only means of exit, save one, from the weaving company's room closed, and directed that the defendant at once remove the obstruction and keep the door between the defendant's factory and that of the weaving company unlocked during working hours, as required by the Labor Law.

The defendant insisted upon the trial and urges upon this appeal that he should not be held as a violator of the Labor Law, inasmuch as the loft in which his factory is being conducted fully complies with the provisions of the Labor Law, and he has a sufficient number of doors leading from his factory. The statute provides that " no door leading into or out of any factory or any floor thereof shall be locked, bolted or fastened during working hours." There can be no question upon the evidence but that the door in question was one leading out of the factory of the United Weaving Company and that it was kept locked, bolted and fastened by defendant during working hours. While it may seem to be hardship on the defendant to be compelled to furnish an exit to the neighboring factory, and that there might be some resulting hazard to the defendant and an increased liability to burglary and pilferage of his goods, nevertheless, where it appears, as it did in the case at bar, that there is no other means of providing for an exit from the adjoining factory in compliance with the Labor Law, there would seem to be no reason why the defendant should be permitted to keep the required exit locked and bolted during business hours. The provision of the Labor Law was enacted for the safety of laborers in factories, and their rights and safety must be held to be paramount to the rights of the defendant. As well stated by the Municipal Court justice: " The rights of individuals must give way to the rights of the people at large, and where, as here, the intent of the statute is the protection of laborers, any inconvenience suffered by an individual must be tolerated."

There can be no question but that the exit which has been closed is still a door, although a plate of steel has been placed across it and bolted to the door frame. The door is there upon hinges

and may be opened by removing the shelving and the steel plate upon the defendant's side. The United Weaving Company was charged with a violation of the same section for obstructing the same door, and at once removed the iron bar from across its side of the door. The defendant refuses to remove the barrier on its side during working hours. I do not think the defendant is absolved from a violation of the statute, which was clearly for the protection of factory employees, by the plea that to open the door will subject him to increased hazard. The position of the defendant that, having complied with the law so far as his factory is concerned, he cannot be held liable for closing a door necessary for the use of the adjoining factory, is untenable. The violation with which the defendant is charged is not a failure to provide sufficient doors to *his* factory, but that he is keeping closed during business hours the door leading from his neighbor's factory. The rights of the individual must yield to paramount rights of public safety. (*People v. Shevitz,* 177 App. Div. 565; affd., 224 N. Y. 627.)

So far as the question of the defendant's guilt is concerned, it is idle to suggest that at some future time the situation may be met between the landlord and the weaving company. The condition is urgent. Human lives are in danger. The factory is now there. The inspector of the bureau of fire prevention found the factory of the United Weaving Company there in operation. He found that the defendant had closed and kept locked a door leading from the factory which was required by the Labor Law to be kept unlocked during working hours; that only by keeping said door unlocked could the requisite exits be provided from said factory. Defendant was ordered to keep the door unlocked during such hours. This defendant refused to do, thereby subjecting the employees of the factory to hazards which the Labor Law sought to guard against. I think the defendant was clearly guilty.

Upon the conviction of defendant, the Court of Special Sessions, in view of the fact that this was his first offense, properly suspended sentence.

The judgment of conviction should be affirmed.

DOWLING, P. J., and MARTIN, J., concur; O'MALLEY and PROS-KAUER, JJ., dissent.

PROSKAUER, J. (dissenting). Defendant maintained a factory in a loft at 725–727 Broadway, admittedly with every exit and safeguard required by the Labor Law. At the time he took possession, the adjoining loft was wholly unoccupied. By agreement with his landlord, he barred the door which led from his own premises to the vacant loft, placed over it a steel plate and used

First Department, December, 1927. [Vol. 222

the area of the former doorway for shelving. After the door had thus been closed, a third party, the United Weaving Company, began to manufacture in the adjacent loft, which had then but one exit instead of the two required by the Labor Law.

Although it is conceded that defendant's own factory has the requisite number of exits and complies with every requirement of the law, he has none the less been convicted of violating section 272 of the Labor Law. Because he failed to reopen the door leading from his premises into the adjacent loft, and the United Weaving Company thus lacked in its factory the number of exits required by that law, it is urged that the defendant is guilty of a misdemeanor. (See Penal Law, § 1275, as amd. by Laws of 1921, chap. 68.)

Section 272 of the Labor Law casts no such extraordinary burden upon the defendant. It contains no direct prohibition against closing a door leading into or out of a factory. It merely forbids the maintenance of a factory in premises which violate the Labor Law. Specifically its enactment is that "No factory shall be conducted in any building unless such building * * * shall conform to the following requirements: * * * 3. Doors and windows. No door leading into or out of any factory or any floor thereof shall be locked, bolted or fastened during working hours. No door, window or other opening on any floor shall be obstructed by stationary metal bars, grating or wire mesh."

As was said by McAvoy, J., in *People* v. *Duplan Silk Corp.* (208 App. Div. 435): "The article contains certain requirements for all 'factory buildings,' and others only for those portions operated as 'factories.'"

The command of the statute that "No door * * * shall be locked" is directed against a door which is necessary to afford the requisite number of exits in a factory which is actually being maintained. This opening ceased to be such a door when defendant rightfully closed it. I do not subscribe to the opinion of the learned trial court that "once a door, always a door." I find no such element of eternal permanence in a door, either in fact or by statute. When, to protect his property stored on his premises, he placed over the doorway a covering of sheet iron or steel, he in fact altered the doorway into a wall as effectually as though he had bricked up the opening. This concededly lawful and innocent act of the defendant could not be converted into a crime by the conduct of a third party in opening a factory upon the adjacent premises in defiance of the requirements of the Labor Law.

I am mindful of the necessity of maintaining the safeguards of the Labor Law for the protection of life and limb. The purposes

of the law, however, can be adequately achieved by proper action against the landlord and the United Weaving Company.

The judgment appealed from should be reversed and the defendant discharged.

O'MALLEY, J., concurs.

Judgment affirmed.