MARGUERITE SITZLER, Appellant, *v.* RICHARD LATHERS, JR., Defendant, Impleaded with RICHARD O'GORMAN and Another, Respondents.

Second Department, May 11, 1928.

**Landlord and tenant — liability of landlord for injuries suffered by subtenant in fire — owners knew that tenant was subletting rooms — fire escape was at rear of building — plaintiff subtenant had apartment consisting of parlor and alcove — when fire occurred plaintiff could not reach fire escape because dining room door was locked — Tenement House Law, § 16, subds. 2 and 3, requires fire escapes for each apartment — plaintiff was occupying apartment within meaning of statute — error to dismiss complaint, for question of fact was presented whether owners had complied with statute.**

The plaintiff and her mother and sister sublet a parlor and alcove in an apartment house in New York city. A fire broke out and the plaintiff was unable to reach the fire escape in the back of the apartment house, since the dining room door was locked, the dining room and other rooms being occupied by other subtenants. The evidence shows that the owners of the apartment house rented the apartment with the knowledge that the tenant would sublet rooms therein to third persons, and that the owners, through their agent, did have knowledge that rooms were sublet.

It was error to dismiss the complaint on the ground that the Tenement House Law did not apply to the apartment rented by the plaintiff, for it appears that subdivisions 2 and 3 of section 16 of the Tenement House Law require that fire escapes be provided directly accessible to each apartment without passing through a public hallway and that prompt and ready access shall be had to all fire escapes.

Under the circumstances in this case the rooms rented to the plaintiff would seem to constitute an apartment, and if they were so rented with the knowledge of the owners, the owners would be liable for failure to provide fire escapes directly accessible.

It cannot be said, as a matter of law, that the owners' responsibility in reference to fire escapes ceased with the making of the lease. It was a question for the jury to determine whether the owners had complied with the provisions of the statute in question, requiring that every apartment above the ground floor should have a fire escape directly accessible to it without passing through a public hall, and it was also a question of fact whether or not a fire escape was directly accessible to the apartment occupied by the plaintiff.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Queens on the 5th day of January, 1928.

*Thomas I. Sheridan* [*Daniel J. Madigan* with him on the brief], for the appellant.

*George F. Hickey* [*William Butler* with him on the brief], for the respondent Richard O'Gorman.

YOUNG, J. The action was brought to recover damages for personal injuries arising out of an early morning fire in "The Princeton" apartments, Nos. 322–328 West Fifty-seventh street, Manhattan, on March 26, 1923.

Three of the apartments, two on the seventh floor and one on the sixth floor, were leased to the defendant Margaret D. Neibert by the defendants Richard Lathers, Jr., and Richard O'Gorman, as trustees under the last will and testament of Richard Lathers, deceased. Pending the trial of the action, the defendant Richard Lathers, Jr., died and the action against him abated by reason of his death.

The negligence charged against the defendants was an alleged violation of sections 15 and 16 of the Tenement House Law, and negligence in the maintenance, operation and control of the premises.

The term of the lease was one year from October 1, 1922, to September 30, 1923. The defendant Mrs. Neibert entered into possession of the apartments leased to her and was in possession thereof on March 26, 1923, the day the fire started.

For some time the owners of these premises had been leasing out these apartments to various people, who in turn sublet the various rooms of these apartments to lodgers or roomers.

At the trial the defendant Neibert, a widow living alone and having no children or relatives, admitted having leased three apartments consisting of twenty-four rooms from the owners of this building at a rental of $200 a month for each apartment, to wit, the east and west apartments on the seventh floor and the west apartment on the sixth floor. It was further shown that one George Campbell was the duly authorized agent of the defendant owners. The said Campbell admitted having rented three apartments in the building to the defendant Neibert, and knew that the defendant Neibert had sublet these rooms for rooming purposes to separate individuals.

It was also shown that Mr. Campbell, as agent of the defendant owners, visited the premises and placed a superintendent in charge who resided on the premises continually.

The floor plan of the building Nos. 322–324 West Fifty-seventh street is shown in plaintiff's Exhibit 2. The combined buildings are shown in the photograph, defendants' Exhibit B. The buildings were erected in 1882. Each building is a seven-story elevator apartment house. On each floor there are two apartments separated by a public hall, with stairway and an elevator. There are seven rooms and an alcove in each apartment, with a private hall extending from the elevator shaft to the dining room, with a pantry and maid's room at the rear of the apartment. As shown in the diagram,

there were three windows at the rear of each apartment, through which access could be had to the fire escape.

The plaintiff, Marguerite Sitzler, with her mother and sister, were roomers in an apartment on the seventh floor west, occupying the parlor and alcove adjoining, for which they paid Mrs. Neibert eighteen dollars a week.

The plaintiff testified that on the morning of March 26, 1923, her mother awakened her and then she went with her mother and sister to the door of the public hallway, opened the door and saw a mass of flames. She closed the door and then went through the private hallway, and as they passed a window opening into the airshaft, the reflection of flames was giving light in the hallway. They continued on, with their faces covered to avoid the dense smoke, until they reached the door leading into the dining room. She grabbed the door and shook it, but it would not open, so she threw her weight against it, but the door would not give. She went back to her room and later was found by a fireman hanging out the alcove window. She was badly burned.

At the close of the plaintiff's case the counsel for defendant O'Gorman moved to dismiss the complaint on the ground that the plaintiff failed to make out a cause of action; that plaintiff failed to show any violation whatever of the Tenement House Law invoked here as the basis of liability; on the ground that plaintiff failed to show any condition in violation of said law or any other law, or in violation of any common-law duty owing to plaintiff by the defendant O'Gorman; on the ground that the plaintiff failed to show the existence of any condition which would constitute a liability on the part of defendant O'Gorman, and failed to show notice to said O'Gorman which would bind him and make him liable; also on the ground that it affirmatively appears from the evidence in the plaintiff's case that the Tenement House Law invoked here as the basis of a liability on the part of defendant O'Gorman was in every respect, in so far as it affects the defendant O'Gorman, complied with. In dismissing the complaint the court said: " I shall hold that section 15 of the Tenement House Law is not applicable to the facts in this case. With regard to section 16 of the Tenement House Law, counsel for the plaintiffs relies upon article 3, and lays great stress upon the provisions of subdivisions B and F. The subdivision B is not applicable, in view of the definition of public halls and apartments contained in section 2, subdivision 1 and subdivision 5,* nor do I think subdivision F of article 3 of section 16 is applicable. I think that subdivision

---

* Amd. by Laws of 1917, chap. 806.— [REP.

refers to structural obstructions. The motion will be granted and the complaint in each action will be dismissed." (See *Miller* v. *Lathers*, 224 App. Div. ——.)

Section 15 of the Tenement House Law (added by Laws of 1913, chap. 551, as amd. by Laws of 1915, chap. 189) plainly does not apply because it refers to fire escapes upon tenement houses erected after the passage of the Tenement House Law, and the building in question was erected long before that date. The Tenement House Act was passed in 1901 (Chap. 334) and was revised by the Tenement House Law of 1909, as amended.

Some of the provisions of section 16 of the Tenement House Law plainly apply.

Subdivision 2 of section 16 (as amd. by Laws of 1915, chap. 189) reads as follows: " Every nonfireproof tenement house exceeding two stories in height erected prior to April eighteenth, nineteen hundred and twelve, shall be provided either with fireproof outside stairways, or with fire escapes directly accessible to each apartment without passing through a public hallway. The owner of every tenement house shall keep all the fire escapes thereon in good order and repair, and whenever rusty shall have them properly painted with two coats of good paint. No person shall at any time place any incumbrance of any kind before or upon any such fire escape."

Subdivision 3 of section 16 (as amd. by Laws of 1913, chap. 551), relating to fire escapes on existing houses erected prior to April 10, 1901, provides among other things as follows: " b. Every apartment above the ground floor in each tenement house shall have a fire-escape directly accessible to it without passing through a public hall. * * * f. Prompt and ready access shall be had to all fire-escapes, which shall not be obstructed by bath tubs, water-closets, sinks or other fixtures, or in any other way."

Plaintiff with her mother and sister occupied the corner apartment, consisting, as designated upon the diagram, of parlor and alcove. She testified that she went down the private hall, as shown on this diagram, until she reached the door of the dining room and she found this door locked. In order to reach the fire escape in this manner, she was obliged to go through this doorway and then through the dining room and so on out to the fire escape. In my judgment, the question in this case is whether there was a failure on the part of the owner to keep this passage open and accessible at all times to the tenant in order that she might reach the fire escape. The evidence shows that the defendant owners, through their agent Campbell, leased these premises consisting of seven rooms, the whole length of the house, to Mrs. Neibert about a year before the fire, and she testified that these rooms were

occupied by five different sets of people at and before the time of the fire. The dining room and the two rooms in the rear thereof, as shown upon the diagram, were at the time rented to three young men, and the evidence shows that, during all this time, the defendants had a superintendent by the name of Meyer in the building and the premises had been let to Mrs. Neibert through Charles Campbell, who signed the lease on behalf of the defendants Lathers and O'Gorman, and he testified that he had been the agent since 1917 and knew that Mrs. Neibert occupied the premises in question and that she rented out rooms to various roomers in these apartments.

It seems to me that the liability of the owners depends upon the construction to be given to the provisions of the Tenement House Law, referred to. In my opinion, under the circumstances disclosed, each of these rooms rented out by Mrs. Neibert to tenants became an apartment, and that the owners may be chargeable with knowledge that these rooms were being used separately by subtenants of their lessee. If each room so occupied by individual tenants is to be regarded as an apartment, then, according to plaintiff's testimony, the premises did not comply with the provisions of the Tenement House Law referred to, for it is apparent that a fire escape was not directly accessible to her without passing through a public hallway. In order to reach the fire escape which she endeavored to reach, she was obliged to go through the dining room and the room in the rear, which were leased and occupied by another tenant, and this she says was locked against her.

The case of *Goetz* v. *Duffy* (215 N. Y. 53), cited by the appellant, gives, it seems to me, some support to the argument of the appellant as to the liability of the owners in the present case. That was an action brought to recover damages for the death of plaintiff's intestate who was killed by reason of a fire occurring in a factory building. The owner had let the premises and permitted the tenants to reconstruct the portion of the building leased to suit themselves for factory purposes. As originally constructed, the law with regard to fire escapes had been complied with, but, as reconstructed by the tenant, there was a violation of the statute as found by the Court of Appeals. The Appellate Division held that the owner was not liable, because his duty had been fully complied with in the first instance and he was not responsible for the alterations made by the tenant, but the Court of Appeals reversed the judgment and held that the duty was imposed upon the owner by the statute to permit no interior construction by his tenants which would interfere with or obstruct the accessibility of the fire escape to the employees. True, the statute there provided

in express terms that the owner, whether he occupied the premises or not, should be responsible for the observance of the law, and that the tenant should permit the owner at all times to enter the premises in order that the owner's obligation under the statute might be fulfilled.

The Tenement House Law, however, imposes the obligation upon the owner for the observance of the law with reference to fire escapes and, in the present case, it seems to me that it was the duty of the landlord not to lease the premises to be used in such a manner as would deprive some of the tenants of the protection provided by law. The owners certainly could have provided that these rooms should not be sublet as they were, and if they knew, as they apparently did, that these rooms were to be occupied by individual tenants and that when so used protection against fire as provided by statute would be lost to some of them, I think it cannot be held as a matter of law that the owners' responsibility ceased with the making of the lease. In my judgment, the complaint was improperly dismissed. I think it was a question for the jury to determine whether the owners had complied with the provisions of the statute in question requiring that every apartment above the ground floor in each tenement house shall have a fire escape directly accessible to it without passing through a public hall. Plaintiff testified that there was no such way accessible to her, and this, of course, would be a question of fact for the jury.

I, therefore, advise that the judgment appealed from be reversed upon the law and the facts and a new trial granted, with costs to the appellant to abide the event.

LAZANSKY, P. J., RICH, SEEGER and SCUDDER, JJ., concur.

Judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event.