■ BENJAMIN SCHECTMAN, Respondent, v. DOROTHY FILS et al., Appellants. (Action No. 1.) DRUEDING BROTHERS COMPANY, Respondent, v. DOROTHY FILS et al., Appellants. (Action No. 2.) — In consolidated actions to recover damages for property injuries, defendants appeal from a judgment of the Supreme Court, Kings County, entered March 22, 1967, in favor of plaintiffs upon a jury verdict. Judgment reversed, on the law and the facts, with costs, and complaints dismissed with costs. Defendants are the record owners of buildings Nos. 190, 192 and 194 Flushing Avenue, Brooklyn. On February 25, 1962 an explosion and fire occurred in the cellar of building No. 194. The fire spread to the second floor of building No. 194 and thereafter to premises 192 and 190. Plaintiff Schectman, on the date of the fire, was the lessee of all the space in buildings Nos. 190 and 192 and the second floor of building No. 194. The fire destroyed or damaged a large quantity of material and machinery which belonged to him and property which plaintiff Drueding Brothers had left in his care. The leased premises were being used by him as a factory. Prior to the day of the fire the City of New York had placed a violation on building No. 194 due to the defendants' failure to erect a fire retardant protective ceiling with resistive rating of at least one hour, in the cellar and first floor of the premises, pursuant to subdivision 6 of section 272 of the Labor Law. It is conceded that at the time of the conflagration no fire retarding or automatic fire extinguishing system was erected. It was also conceded that the owners were not responsible for causing the fire and explosion. On the trial, plaintiffs proceeded on the theory that defendants' failure to fire retard was conclusive evidence of negligence or, at the very least, was some evidence of negligence, and that the failure to comply with the statute was the proximate cause of the injury to their property. In our opinion, plaintiffs were unable to establish their theory of the case. The testimony did not establish any likelihood that the

injury would not have resulted even had the statute been complied with. Under these circumstances, a new trial would serve no useful purpose. We pass upon no other question on this appeal. Brennan, Acting P. J., Benjamin and Martuscello, JJ., concur; Rabin and Munder, JJ., concur for reversal of the judgment and dismissal of the complaint, with the following memorandum: We are in accord with the majority that the complaint should be dismissed because plaintiffs failed to establish that defendants' failure to fire retard the premises was the proximate cause of the damage. However, in our opinion, the complaint should also have been dismissed upon the ground that the defendants' violation of subdivision 6 of section 272 of the Labor Law was neither a breach of a statutory duty owing plaintiffs nor the basis of any claim of negligence. It is our view that defendants' violation of this statute was not the breach of a statutory duty giving rise to absolute liability. The statute was enacted to protect the lives, health and safety of all factory employees from fire by affording them reasonable time to escape from a burning building (*People* v. *Shevitz*, 177 App. Div. 565, 570). Plaintiffs, not being of that limited class of employees, may not rely on the statute to create in their favor a statutory duty, the breach of which would constitute conclusive evidence of negligence (*Van Gaasbeck* v. *Webatuck Cent. School Dist. No. 1,* 21 N Y 2d 239; *Di Caprio* v. *New York Cent. R. R. Co.*, 231 N. Y. 94). We further find that defendants' violation of the statute did not constitute even some evidence of negligence (*Di Caprio* v. *New York Cent. R. R. Co., supra*; *Daggett* v. *Keshner*, 284 App. Div. 733). The Legislature, in creating the duty as prescribed by the statute, did not consider the possibility of the destruction of property or intend to create any duty that would inure to the benefit of a tenant property owner. Defendants, by moving to dismiss the action, after the plaintiffs rested their case, upon the ground that the statute was only intended to protect the person of any employee and not damages sustained to a tenant's property, and by requesting the court to charge the jury that there was no duty on their part to fire retard, preserved this point for appeal (CPLR 4017; see, also, *Leone* v. *Rose*, 10 A D 2d 412, 414).