THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* 242–252 WEST 36TH STREET CORPORATION, Respondent.

**Real property — factories — Labor Law — owner of fireproof factory building properly convicted of violation of Labor Law where tenants erect wooden partitions in portions leased by them — duty of inspection and removal on owner — statutory provision that partitions must be of incombustible material applies to those within rented space.**

Where tenants of a thirteen-story factory building of fireproof construction, after occupancy, erect within the parts leased by them wooden partitions to separate their holdings into rooms for convenient use, the owner may properly be convicted of a violation of subdivision 6 of section 270 of the Labor Law providing " all partitions in the interior of fireproof buildings shall be of incombustible material."

Upon the owner is placed the obligation of keeping his building free from wooden partitions, the law giving him an opportunity for inspection and removal (§ 316), and subdivision 6 should not be construed as applying only to partitions which separate the portions leased by the various tenants of the building.

*People* v. *242–252 West 36th Street Corporation,* 217 App. Div. 791, reversed.

(Submitted November 16, 1926; decided November 23, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 19, 1926, which reversed a judgment of the Court of Special Sessions of the city of New York, convicting the defendant of a violation of subdivision 6 of section 270 of the Labor Law and directed repayment of a fine paid on such conviction.

*George P. Nicholson,* Corporation Counsel (*John F. O'Brien* and *Martin H. Murphy* of counsel), for appellant. Respondent, as owner of a tenant factory building, is responsible for the observance of the provisions of section 270 of the Labor Law. (Penal Law, § 1275; Labor Law, § 316, subd. 2; *People .ex rel. Williams* v. *Eno,* 134 App. Div. 527; *People* v. *Pease,* 173 App. Div. 752; 219 N. Y. 627; *People* v. *Schwitz,* 177 App. Div. 565; *People* v. *West,* 106 N. Y. 293; *People* v. *Kibler,* 106 N. Y. 321; *People* v. *Werner,* 174 N. Y. 132; *People* v. *Bowen,* 182 N. Y. 1; *People ex rel. Price* v. *Sheffield Farms Co.,* 225 N. Y. 25.) The constructions which separate the floor area of a tenant into different rooms constitute "partitions" within the meaning of the statute. (Labor Law, §§ 260, 263, 264, 270.)

*Abraham J. Halprin* for respondent. The People failed to prove the defendant guilty of the violation alleged in the information. (*City of New York* v. *Stewart Realty Co.,* 109 App. Div. 702; *Century Holding Co.* v.

*Pathe Exchange, Inc.*, 200 App. Div. 62; *Van Vleck* v. *White*, 66 App. Div. 14; *McCall* v. *Walter*, 71 Ga. 287; *Sawyer* v. *Long*, 86 Me. 541.)

CRANE, J.   The defendant was convicted in the Court of Special Sessions in the city of New York for violation of section 270 of the Labor Law (Cons. Laws, chap. 31) and fined twenty dollars.   The Appellate Division reversed the conviction and the People have appealed to this court.

The defendant owned a tenement factory building, a thirteen-story structure, located at Nos. 242–252 West Thirty-sixth street in the city of New York.   The building was of fireproof construction.   It was leased to different tenants.   On the floors occupied by more than one tenant fireproof walls separated the leased parts.   The defendant never erected any wooden structures in the building. Tenants, however, after occupancy erected within those parts, respectively leased by them, frame divisions or partitions so as to separate their holdings into offices or rooms for convenient use.   According to People's Exhibit 6, referred to in the testimony as an illustration of the construction throughout the building, the tenant had built partitions of wood and glass running to the ceiling, also of wood and wire work which divided the floor space leased by him into a factory, stock and shipping room and different offices.   The rooms were eleven feet high and some of these partitions extended to the ceiling securely fastened.   Others did not go above six feet.

On these facts, which are not disputed, did the defendant violate the Labor Law?

Section 270 reads:

" No factory shall be conducted in a building erected after October first, nineteen hundred and thirteen, which is more than one story in height unless such building shall conform to the following requirements:"

" 6. Partitions. All partitions in the interior of fireproof buildings shall be of incombustible material."

Section 263 defines " fireproof partition " as being a partition built of brick, concrete, reinforced concrete or terra-cotta blocks with certain specified requirements. The interior partitions referred to in section 270 are not the fireproof partitions as thus defined by section 263 for the reason that these interior partitions need not be of brick, concrete, etc., but may consist of any material so manufactured, prepared, or of such a nature as to be incombustible.

The reason for these requirements of the Labor Law is quite apparent. Factory buildings are no longer, in large cities, low structures. Manufacturing is carried on in buildings of great height. These buildings must be fireproof and their partition walls fireproof. Floors must be of certain non-inflammable material. The Labor Law provides that elevators and stairs shall be so constructed as to afford easy exits and prevent fires. Many operators are employed in these high factory buildings in manufacturing, as in this case, dresses and coats. Women and girls are employed. Wood that can easily be burned is to be eliminated from such structures and the interior of such structures as far as possible and convenient. To what extent this shall be done is fixed by the Labor Law. Interior wood work of a substantial nature dividing off floor space into offices may be readily burned causing panic and injury on the particular floor or in a particular factory even though other parts of the building are not affected by reason of their fireproof construction. The Labor Law, therefore, says that the interior partitions shall be of incombustible material. It is agreed that the interior partitions in this building, dividing these floor spaces as constructed by the tenants, were not of incombustible material.

Upon the owner is placed the obligation of keeping his building free from these wooden partitions erected by his tenants. The law affords him an opportunity for inspection and for removal. Whatever the nature of the lease

he may enter to carry out the provisions of this Labor Law.

Section 316 reads:

" Except as in this article otherwise provided, the person operating a factory, whether as owner or lessee of the whole or a part of the building in which the same is situated or otherwise, shall be responsible for the observance of the provisions of this article, anything in any lease or agreement to the contrary notwithstanding."

This is made applicable to section 270. By subdivision 3 of this section the tenant in any part of the factory building shall permit the owner to enter his premises to comply with the provisions of this law.

As these provisions of law were adopted to minimize as far as possible the risks of fire and prevent disaster to workers and operators, we can see no reason for construing subdivision 6 of section 270 as applying only to partitions which separate the portions leased by the various tenants of a building. If the entire building were leased to one tenant there would then under such construction be no requirement for non-combustible partitions and the risks from fire would be the same as they were before this law so far as partitions and room divisions were concerned.

The judgment of the Appellate Division should be reversed and that of Special Sessions affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.