FRED HENTE, Plaintiff, *v.* SHERCOOP CORPORATION and BOSTOCK RHOADES & Co., INC., Defendants.

Supreme Court, Trial Term, New York County, November 25, 1940.

*Samuel G. Rabinor,* for the plaintiff.

*Herbert F. Hastings, Jr. [Edward F. Sweeney* of counsel], for the defendant Shercoop Corporation.

PECORA, J. This is an action to recover damages for personal injuries sustained by plaintiff on January 30, 1937, in falling down an elevator shaft which had a defective door or gate, in a six-story building owned in fee by the defendant Shercoop Corporation (hereinafter called Shercoop) and leased in its entirety by it to the codefendant Bostock Rhoades & Co., Inc. (hereinafter called Bostock). The jury returned a substantial verdict for the plain-

tiff against both defendants. The defendant Shercoop moved to dismiss the complaint as against it at the end of the plaintiff's case, and renewed the motion at the end of the entire case. Decision was reserved upon both of these motions. After the rendition of the jury's verdict, that defendant moved to set aside the verdict against it.

The evidence established that on May 10, 1934, Shercoop leased the entire premises to Bostock. The lease provided that the building was to be used solely for the purposes of the lessee's business of manufacturing, exhibiting and selling mirrors. Thereafter, in 1935, Bostock sublet part of the fourth floor to plaintiff, who used it for his carpentry business and who operated a small power plant in connection therewith. Likewise, in 1935, Bostock sublet part of another floor to a tenant named Tarbox.

Shortly after the sublease to plaintiff the fire insurance premium rate for the entire building was increased to Shercoop because of the presence therein of the power plant installed and operated by plaintiff. Thereupon Shercoop required Bostock to pay the increase. Bostock, in turn, raised the rent reserved in the monthly sublease to plaintiff, so as to place the burden of such increase on plaintiff — for the reason that the operation of plaintiff's power plant had brought about the raising of the insurance rate.

The evidence also showed that Shercoop did not use or occupy any portion of the premises, and that its rent from Bostock was collected in monthly installments by a renting agent, commissioned therefor by Shercoop. Furthermore, Shercoop's lease of the entire building to Bostock placed upon the latter the obligation to make repairs.

It is clear that under these circumstances there was no common-law liability which plaintiff could enforce against Shercoop, for, although it was the fee owner, it had no occupancy or control of the building and hence owed the plaintiff no duty at common law with respect to the maintenance of the elevator and its appurtenances.

This rule is a familiar one. It was stated in perhaps its pithiest form by Judge CARDOZO, in *Cullings* v. *Goetz* (256 N. Y. 287), where he said (p. 290): " Liability in tort is an incident to occupation or control (American Law Inst. Restatement of the Law of Torts, § 227)."

Plaintiff, however, bases his right to recover from Shercoop upon the provisions of sections 255, 315 and 316 of the Labor Law, relating to factories.

The term " tenant-factory building " is defined in subdivision 2 of section 315 as " a building, separate parts of which are occupied and used by different persons and one or more of which parts

is used as a factory." The evidence already adverted to clearly supports plaintiff's contention that the building in question was a tenant-factory building within the meaning of the Labor Law. (*Goetz* v. *Duffy*, 215 N. Y. 53.) According to subdivision 1 of that section, the term " owner," whenever used in article 11, means " the owner of the premises, or the lessee of the whole thereof, or the agent in charge of the property."

Certain duties are imposed upon the owners and occupants of tenant-factory buildings by subdivision 2 of section 316 of the Labor Law. So far as pertinent to this action its provisions are as follows: " The owner of a tenant-factory building, whether or not he is also one of the occupants instead of the respective tenants, shall be responsible for the observance of the following provisions of this article, anything in any lease to the contrary notwithstanding: Section two hundred and fifty-five, elevators and hoistways; * * *. Except that the tenants shall *also* be responsible *within their respective holdings* for the observance of the provisions of * * * section two hundred and fifty-five, elevators and hoistways * * *." (Italics supplied.)

The mandate of section 255 of the Labor Law is that " In all factory buildings, every elevator and elevator opening and the machinery connected therewith and every hoistway, hatchway, and well-hole shall be so constructed, guarded, equipped, maintained and operated as to be safe for all persons * * *."

The jury's verdict in plaintiff's favor implied a finding that section 255 had been violated. The lessee Bostock's responsibility for such violation, both at common law and under section 316, is manifest. As lessee of the whole building, and as the occupant of all but the two small portions of it which it sublet to the plaintiff and to Tarbox respectively, it was in control of the operation of the elevator which was used in common by all the tenants. Indeed, no question is now raised by the defendant Bostock as to its liability in plaintiff's favor.

But is the defendant Shercoop, concededly the fee owner, but not an occupant of any part of this tenant-factory building, also liable? That is the sole question here involved. Obviously its liability, under the circumstances, would exist only if it is imposed by the statute referred to. (Labor Law, §§ 255, 315, 316.)

Shercoop argues that it is immune from statutory liability because it leased the whole of the premises to Bostock to be used by the latter solely for the purposes of its business of manufacturing and selling mirrors. It urges that Bostock sublet portions of the building to plaintiff and to Tarbox without Shercoop's consent and in violation of its lease to Bostock; and that such unauthorized sublettings converted the building from a " factory building "

to a " tenant-factory building," as those terms are defined and used in the Labor Law. Hence, Shercoop contends, the unauthorized acts of its lessee of the whole premises in subletting portions thereof to other tenants should not operate to enlarge its liability from that which it would have been but for such subleasings.

The argument has some of the merits of plausibility. Had the building been used and occupied entirely by Bostock strictly in the manner provided and contemplated in the lease by Shercoop to Bostock, it clearly would have been a factory building instead of a tenant-factory building. In that event, under the provisions of subdivision 1 of section 316 of the Labor Law, the liability here would have been cast solely upon Bostock as the " person operating " the factory.

Because of these elements in the case, this court upon the trial charged the jury that they could not render a verdict against Shercoop, unless they found as a fact from the evidence that Shercoop knew of, and permitted, the use and occupation of portions of the building by Bostock's subtenants. The verdict implies, therefore, that the jury found that Shercoop knew the building was being used and occupied in a manner that constituted it a tenant-factory building, and at least tacitly consented thereto. There was ample evidence to support that finding. Under these circumstances, this court is of the opinion that there was imposed upon Shercoop all the duties and obligations placed by the Labor Law upon the owner of a tenant-factory building.

As already noted, that law (Labor Law, § 316, subd. 2) holds " the owner of a tenant-factory building, whether or not he is also one of the occupants instead of the respective tenants," responsible for the observance of section 255, relating to elevators and hoistways, " anything in any lease to the contrary notwithstanding." The fact that the same statute provides that " the tenants shall *also* be responsible within their respective holdings " for the observance of section 255, emphasizes the responsibility of the owner " whether or not he is also one of the occupants." (Italics supplied.) To enable the owner to comply with the requirements of section 255, it is provided in subdivision 3 of section 316 that " The tenant of any part of a tenant-factory building shall permit the owner * * * to enter and remain upon the demised premises whenever and so long as may be necessary " for such purpose; and the tenant's " failure or refusal so to do " is made a ground for his dispossession by summary proceedings. All of these provisions of the Labor Law clearly indicate the legislative intent to place upon the owner of a tenant-factory building the duty of maintaining and operating its elevators and hoistways so as to render them " safe for all persons," in accordance with section 255.

The jury here having found, upon sufficient evidence, that Shercoop knew of, and had permitted, the use and occupation of its building as a tenant-factory building at the time of the accident in which plaintiff was injured, and having further found that the accident was due to the defective condition of the elevator and its equipment, liability must necessarily attach to Shercoop for the violation of its statutory duty. This ruling is consistent with the principle laid down in *People* v. *242–252 West 36th St. Corp.* (244 N. Y. 9). It is not in conflict with the doctrine enunciated recently in the case of *Homin* v. *Cleveland & Whitehill Co.* (281 N. Y. 484), for in that case the Court of Appeals had before it the question of who, as among several classes of persons mentioned in section 202 of the Labor Law, was responsible under the facts of that case for a violation of that particular statutory provision.

The motions by defendant Shercoop to dismiss, and its motion to set aside the verdict of the jury, are denied.