FRED HENTE, Respondent, *v.* SHERCOOP CORPORATION, Appellant, Impleaded with Another.

Argued June 17, 1942; decided October 15, 1942.

*Edward F. Sweeney* and *Herbert F. Hastings, Jr.,* for appellant. The appellant being out of control of the entire premises, the trial court erred in charging that under sections 315 and 316 of the Labor Law (Cons. Laws, ch. 31) appellant was obligated to keep the elevator in repair. (*Pharm* v. *Lituchy,* 283 N. Y. 130; *Cullings* v. *Goetz,* 256 N. Y. 287; *Fink* v. *37 West 36th St. Co.,* 277 N. Y. 703; *Homin* v. *Cleveland & Whitehill Co.,* 256 App. Div. 187; 281 N. Y. 484.) The trial court wrongly interpreted the provisions of section 257 of the Labor Law and erred in charging that the appellant was obligated thereunder to light the place of the accident. (*Cullings* v. *Goetz,* 256 N. Y. 287; *Fink* v. *37 West 36th St. Co.,* 277 N. Y. 703.) Plaintiff was guilty of contributory negligence as a matter of law. (*Basmajian* v. *Board of Education,* 211 App. Div. 347; *Brugher* v. *Buchtenkirch,* 167 N. Y. 153; *Piper* v. *N. Y. C. & H. R. R. R. Co.,* 156 N. Y. 224; *Lindsley* v. *Stern,* 203 App. Div. 615; *Hudson* v. *Church of Holy Trinity,* 250 N. Y. 513; *O' Neill* v. *Chatham Phenix Nat. Bank,* 242 App. Div. 511; 267 N. Y. 622; *Hilsenbeck* v. *Guhring,* 131 N. Y. 674; *Rohrbacher* v. *Gillig,* 203 N. Y. 413.)

*Samuel G. Rabinor, George Pollack* and *Bernard Meyerson* for respondent. The appellant as the owner of a tenant-factory building was liable for the safe maintenance of the elevator pursuant to sections 255, 315 and 316 of the Labor Law. (*People* v. *Pease & Elliman, Inc.,* 173 App. Div. 752; 219 N. Y. 627; *Goetz* v. *Duffy,*

215 N. Y. 53; *Lieberman* v. *Van Gaasbeek*, 223 N. Y. 640; *People* v. *242–252 West 36th St. Corp.*, 244 N. Y. 9; *Hoffman* v. *Fraad*, 130 Misc. Rep. 667; 224 App. Div. 717; 249 N. Y. 537; *Appel* v. *Muller*, 262 N. Y. 278; *Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127; *Urgo* v. *Coles & Co.*, 226 App. Div. 610.) Appellant was required to maintain the elevator entrance sufficiently lighted pursuant to sections 255, 257, 315 and 316 of the Labor Law. (*Glass* v. *W. S. Holding Co.*, 239 App. Div. 546; *Green* v. *Church of Immaculate Conception*, 248 App. Div. 757; *Mulac* v. *Greentree Homes, Inc.*, 256 App. Div. 1107.) Plaintiff's freedom from contributory negligence was a question of fact for the jury. (*Lee* v. *Ingraham*, 106 App. Div. 167; *Stump* v. *Burns*, 219 N. Y. 306; *Schuchatowitz* v. *Leff*, 225 App. Div. 574.)

CONWAY, J. This is an action for personal injuries. The plaintiff, a carpenter, was a tenant of the defendant, Bostock, Rhoades & Co. Inc. (hereinafter referred to as Bostock) which, in turn, had leased the entire building from the appealing defendant Shercoop Corp. (hereinafter called Shercoop), the owner, with the right in the latter to enter and make repairs. Bostock occupied the six floors of the building except for that portion of the fourth floor which it leased to plaintiff and a portion of the sixth or top floor which it rented to another tenant.

The entrance used by plaintiff led into the manufacturing plant of Bostock and to a freight elevator situated some fifty feet toward the rear. Between door and elevator was a partitioned office of Bostock. The elevator was in shadow. Some distance from the elevator there was a work table of Bostock used for the cutting of glass and over that table there hung two lighting fixtures. Light was obtained therein by pulling upon cords suspended over the table. There was a lighting fixture in the elevator but none at its entrance.

On the day of the accident the plaintiff entered about eight o'clock in the morning. There was no artificial illumination. He put down some material near the elevator, which appeared to him to be at the floor, and then attempted to enter it for the purpose of lighting the light therein. The elevator had been moved to another floor and plaintiff fell to the bottom of the shaft.

There were iron doors for the elevator shaft but they were open. The wooden door in front of the elevator, which closed automatically

and guarded the shaft when the elevator was moved to another floor had been out of order for some time and had been propped open by means of a stick.

The only question presented is as to the liability of the owner Shercoop who was out of possession. Such liability must depend upon statute. The pertinent sections of the Labor Law (Cons. Laws, ch. 31) read as follows:

" § 255. * * * In all factory buildings, every elevator and elevator opening and the machinery connected therewith and every hoistway, hatchway and well-hole shall be so constructed, guarded, equipped, maintained and operated as to be safe for all persons * * *."

" § 257. * * * 1. In every factory proper lighting shall be provided during working hours for:

* * * * * * *

b. All elevator cars and entrances * * *."

" § 315. * * * Whenever used in this article:

1. ' Owner ' means the owner of the premises, or the lessee of the whole thereof, or the agent in charge of the property * * *."

" § 316. * * * The owner of a tenant-factory building, whether or not he is also one of the occupants instead of the respective tenants, shall be responsible for the observance of the following provisions of this article, anything in any lease to the contrary notwithstanding:

Section two hundred and fifty-five * * *.

The owner shall also be responsible for all other provisions of this article in so far as they affect those portions of the tenant-factory building or its premises that are used in common or by more than one occupant. * * *." (§§ 255 and 257 are contained in the article and so are included.)

The building was used as a tenant-factory building as defined by subdivision 2 of section 315 of the Labor Law, which reads: " ' Tenant-factory building ' means a building, separate parts of which are occupied and used by different persons and one or more of which parts is used as a factory."

Section 316, quoted (*supra*) then, clearly provides that the owner of a *tenant-factory* building shall be responsible — even though

he lease the entire premises — for a violation of section 255 or, on the facts here presented, 257 of the Labor Law.

Appellant urges that the portion of section 315 quoted above, viz.: " ' Owner ' means the owner of the premises, or the lessee of the whole thereof, or the agent in charge of the property " renders ambiguous the wording of section 316. It urges that if the Legislature had intended to place the burden of maintenance on an owner out of control, it would have provided that where the term ' owner ' was used, it meant both the owner *and* the lessee of the whole premises; that the use of the disjunctive was intentional and placed the duty of safe maintenance solely upon the one in immediate control of the premises. We think that a fair reading of the statute indicates a legislative intent to hold the owner of a *tenant-factory* building responsible for the observance of every requirement of certain enumerated statutory provisions and that the owner or the lessee of the entire building or the agent in charge of the property or all of them may be sued for a violation of the duties thereby imposed. Each is responsible under the statute. (*Goetz* v. *Duffy,* 215 N. Y. 53; *People* v. *242–252 West 36th Street Corp.,* 244 N. Y. 9.)

The case of *Homin* v. *Cleveland & Whitehill Co.* (281 N. Y. 484) is not in point. The section of the Labor Law there involved was section 202. Section 316 was not applicable since the building was not a tenant-factory building. In addition, section 202 was not listed in section 316 among the sections for the observance of which the owner was to be held responsible.

There is no question presented here as to whether the plaintiff would have been obligated in the exercise of due care, to switch on a light, at the entrance to the elevator had it been unlighted. There was no lighting fixture there. It cannot be said as matter of law that he was obligated to proceed some distance to a work table and light electric bulbs there so as to provide illumination for the elevator entrance.

The question of contributory negligence in attempting to enter the elevator without artificial light under the circumstances presented was one of fact for the jury.

The judgment should be affirmed, with costs.

RIPPEY, LEWIS and DESMOND, JJ., concur; LEHMAN, Ch. J., LOUGHRAN and FINCH, JJ., dissent.

Judgment affirmed.