MANIA HYMAN, Appellant, *v.* LENT & LERNER, INC., Respondent.

First Department, June 4, 1943.

*Louis Zimmerman* for appellant.

*George J. Stacy* for respondent.

*Per Curiam.* Plaintiff was injured when the door of the rear compartment in defendant's automobile was permitted to fall upon her head as she was examining merchandise which was in said compartment and offered for sale. The automobile was in charge of defendant's driver, Rosenberg, who had permitted one Rosenthal, a volunteer, to ride with him. Rosenthal opened the door to the rear compartment in Rosenberg's presence and at Rosenberg's direction.

The evidence warranted a finding by the jury that there was negligence in that the door was permitted to fall because it was not properly fastened.

Aside from the question as to whether defendant was bound by Rosenthal's acts, we think that the evidence warranted a finding that Rosenberg, defendant's driver, was careless in not seeing that the door was properly fastened by Rosenthal.

The trial court charged the jury that, even though Rosenberg had requested Rosenthal to aid him, the latter's acts would not bind the defendant unless it had knowledge or acquiesced therein. There was no evidence in the case to sustain a finding of knowledge or acquiescence by the defendant.

Therefore, while the verdict was properly set aside, it was improper to dismiss the complaint. A new trial should have been ordered.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Martin, P. J., Townley, Dore, Cohn and Callahan, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.