Per Curiam.

The plaintiff was awarded a verdict in the sum of $2,500 for personal injuries sustained on February 22, 1942, when he fell into an elevator shaft of a building under the ownership and control of the defendant.
The trial court set the verdict aside and dismissed the complaint.
While we are of opinion that the trial court was acting within its discretion in setting aside the verdict as against the weight of the credible evidence, we think that it erred in dismissing the complaint. There was some evidence that the door from the hallway to the elevator was open, and that one was required to turn a switch inside the elevator car to obtain light and to connect the power used in the operation of the elevator. It has been held not to be contributory negligence as a matter of law for a person to step into a darkened shaft without artificial light, where it might be expected from the surrounding circumstances that the elevator was to'be found at the floor level or landing (Hente v. Shercoop Corp., 289 N. Y. 140).
Irrespective of whether the ordinance cited by the plaintiff has any application, in view of the contention of the plaintiff as to how the accident happened, we deem that there was some evidence of common-law negligence in this case.
Under the circumstances it was improper to dismiss the complaint on setting aside the verdict in favor of the plaintiff. A new trial should have been ordered (Hyman v. Lent & Lerner, Inc., 266 App. Div. 263; see Imbrey v. Prudential Insurance Co., 286 N. Y. 434).
The judgment entered in favor of the defendant on dismissal of the complaint should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Mabtih, P. J., G-lennon, Dobe, Callahan and Peck, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. [See 272 App. Div. 757.]