■ FANNIE FISCHBERG et al., Respondents, v SAMUEL ANTAR, Appellant. —In an action against the guarantor of a promissory note, defendant appeals from so much of an order of the Supreme Court, Kings County, dated April 12, 1979, as granted his motion to strike the complaint unless plaintiff Weinstein appeared for a further examination before trial, at least three days before the trial of the action. Order modified by deleting therefrom the words "(3) three days" and substituting therefor the words "(30) thirty days". As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to appellant. Under the circumstances, the continued examination should take place not less than 30 days prior to the trial. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.

■ DANIEL J. GOODWIN et al., Appellants, v HELEN R. LEE, Doing Business as LEE ASSOCIATES, et al., Respondents, et al., Defendants.—In a negligence action, *inter alia,* to recover damages for personal injuries incurred as the result of a fall down an elevator shaft, the plaintiffs appeal from so much of a judgment of the Supreme Court, Westchester County, entered October 23, 1978, as is in favor of defendants Helen R. Lee, doing business as Lee Associates, Lee Associates and Regency Industries, Inc., upon a jury verdict. Judgment affirmed insofar as appealed from, with costs. The trial court did not err in refusing to charge that contributory negligence was not a defense to this action. It has been held that under section 255 of the Labor Law, the defense of contributory negligence is a proper issue for the jury's determination (see *Hente v Shercoop Corp.,* 289 NY 140). Lazer, J. P., Gulotta, Cohalan and Martuscello, JJ., concur.