■ ANGELA PETRAGLIA et al., Appellants, v MOLLER & ROTHE, INC., et al., Respondents. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Third-Party Plaintiff-Respondent, v NATIONAL KINNEY CORPORATION, Third-Party Defendant-Respondent.—Judgment, Supreme Court, New York County (Frederick B. Bryant, J.), entered May 24, 1985, which dismissed the complaint as to defendants Moller & Rothe, Inc., the Equitable Life Assurance Society of the United States, W & J Sloane, Inc., S & V Service Corp., and National Kinney Corporation, is unanimously modified, on the law and on the facts, to the extent of reinstating the complaint against defendant Moller & Rothe, Inc., and otherwise affirmed, without costs.

It is undisputed that during the period 1978 through 1980, tenant Moller & Rothe, Inc. (Moller & Rothe) leased from the landlord, the Equitable Life Assurance Society of the United States (Equitable), office space on the sixteenth floor of 99 Park Avenue, which building was located in New York County.

In the summer of 1978, Moller & Rothe purchased from W

& J Sloane, Inc. (W & J) carpeting for the subject office space. In order for S & V Service Corp. (S & V) to install that carpet, four interior doors, in the Moller & Rothe office space, had to be taken off their hinges. Each one of these doors was heavy, solid, and approximately six feet high and three feet wide. Within days after the carpeting had been laid, three of the doors had been put back in place. However, Moller & Rothe concede that, for at least the next two years, the fourth door was left unhinged, standing up inside an office, since it could not be put back in its place, due to the fact that the carpeting pile was too high. Moreover, Moller & Rothe further concede that its employees put the fourth door in this position.

Fifty-six-year-old Angela Petraglia (Mrs. Petraglia) in 1980 was employed as an office cleaning woman by National Cleaning Company, which was owned by National Kinney Corporation (Kinney).

At approximately 10:00 P.M. on September 23, 1980, while she was using the vacuum cleaner in the offices of Moller & Rothe, Mrs. Petraglia allegedly felt this fourth door, which had been off its hinges, fall on her back, injuring her. Furthermore, Mrs. Petraglia admitted that heretofore the subject door was "always near the wall", and was "always in the same place."

Following this alleged accident, Mrs. Petraglia and her husband, Angelo Petraglia (Mr. Petraglia), commenced a personal injury action against defendants Moller & Rothe and Equitable. Mr. Petraglia's derivative action was for loss of consortium, loss of services, and for medical expenses. Subsequently, the Petraglia plaintiffs served a supplemental summons and amended complaint, which added W & J and S & V as additional defendants. Also, defendant Equitable commenced a third-party action against third-party defendant Kinney.

Upon completion of discovery, a jury trial was begun. After the plaintiffs rested their case, the trial court granted the motions of all of the defendants to dismiss the complaint against them.

We disagree, and find that the trial court erred insofar as it granted the motion to dismiss of defendant Moller & Rothe.

As mentioned, *supra,* defendant Moller & Rothe, the lessee in possession, concedes its employees placed the subject fourth door, which was off its hinges, against the wall. In pertinent part, the trial evidence indicated that "[t]he hinge protruded

outside the door buck and the door was wedged * * * inside that".

This court has held that it is a question of fact for the jury to determine whether an inadequately secured door constitutes negligence *(Hyman v Lent & Lerner,* 266 App Div 263 [1st Dept 1943]). In pertinent part, we unanimously stated in the *Hyman* case *(supra,* p 264): "the evidence [that entitled] the jury [to find] that there was negligence i[s] that the door was permitted to fall because it was not properly fastened". The Court of Appeals ruled in *Derdiarian v Felix Contr. Corp.* (51 NY2d 308, 315) that in proving a prima facie case: "Plaintiff need not demonstrate, however * * * the precise manner in which the accident happened, or [that] the extent of injuries * * * was foreseeable (Restatement, Torts 2d, § 435, subd 2)". We find that the plaintiff's evidence "allows for varying inferences as to foreseeability and negligence [and was therefore an] issue * * * for the jury to resolve" *(Fisher v Kavoussi,* 90 AD2d 597, 598 [1982]). Accordingly, we reverse and reinstate the complaint against defendant Moller & Rothe. Concur —Sandler, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.